**STATE of Missouri, Respondent,**

v.

**Clarence MORROW, Appellant.**

**No. 46603.**

Supreme Court of Missouri,

Division No. 2.

Oct. 13, 1958.

Rogers Hopper, Kansas City, for appellant.

EAGER, Judge.

Defendant was charged by information with robbery by means of a dangerous and deadly weapon (§§ 560.135 and 560.120, RSMo 1949, V.A.M.S.). By amended information he was further charged with the commission of two prior felonies under the Habitual Criminal Act. Upon trial with .appointed counsel, defendant was found guilty of first degree robbery and the jury further found that he had been convicted of two prior felonies; his punishment was assessed at life imprisonment in the penitentiary. Motion for new trial was duly filed; on July 22, 1957, it was overruled. On that same day allocution was granted and defendant was regularly sentenced.

Defendant has filed no brief, but in the usual course we would consider here all points sufficiently raised in his motion for a new trial. We are met at the outset, however, with a motion of respondent to dismiss the appeal for failure to file a timely notice of appeal. That motion was filed on September 4, 1958. The case was submitted generally on September 9, 1958. Respondent has not briefed the case on the merits, electing to stand upon its motion a practice which we have not, and do not now, encourage. However, we would be required in any event to consider the question of our appellate jurisdiction sua sponte so we proceed to do so.

■ Under 42 V.A.M.S. Rule 28.03 a notice of appeal in a criminal cause must be filed "in the same manner and within the same time after final judgment as provided for civil cases." The time for such filing in civil cases (§ 512.050, RSMo 1949 V.A.M.S.) is "not later than ten days after the judgment * * * becomes final." We are not concerned here with the first sentence of Rule 3.24(a); it is inapplicable to criminal cases, in which the motion for new trial is filed before judgment. See Rule 27.20. The present judgment was final, for the purpose of appeal, from the time of its entry (State v. Parker, Mo., 310 S.W.2d 923).

The notice of appeal here was filed on October 8, 1957; it was apparently trans-

mitted by defendant himself, although he was represented by counsel at the trial and upon the presentation of his motion for a new trial. On the same day, October 8, 1957, defendant filed and the court sustained defendant's motion "to sue as a poor person" and the court then ordered the preparation of a transcript, which was later signed by the trial court and filed here. It is obvious that this notice of appeal was filed approximately two and one-half months after judgment and sentence and that it was untimely. These facts have caused us to make inquiry concerning the state of the record in the trial court, but nothing has been disclosed except as aforesaid. No application was filed here for a special order under Rule 28.07, and the period of twelve months permitted therefor has expired. Respondent evidently did not see fit to remind the defendant of his delinquencies; in any event it did not file its present motion until after a period of twelve months had expired.

█ Under these circumstances we have no alternative but to dismiss the appeal. The steps required after the filing of a timely notice of appeal are not inherently jurisdictional (Rules 28.09 and 1.30), but the filing of a timely notice is a positive requirement for the validity of an appeal. In State v. Robbins, Mo., 269 S.W.2d 27, loc. cit. 29, this court said, "* * * it is settled that the timely filing of a notice of appeal is 'the vital step' for perfecting an appeal and is necessary to invoke appellate jurisdiction * * *." See, also, State v. Parker, Mo., 310 S.W.2d 923, loc. cit. 924, where the court said: "The judgment and sentence of defendant on this record was final and appealable when entered. Supreme Court Rule 28.03. The notice of appeal had to be filed within 10 days, unless time was extended by special order of appeal entered by this court under Supreme Court Rule 28.07 within 12 months after final judgment. No such special order is shown to have been made in this court."

Under these circumstances we may indulge in no liberality of construction (State v. Robbins, 269 S.W.2d loc. cit. 29). The appeal will be dismissed, and it is so ordered.

All concur.