58

UNITED STATES of America,
Plaintiff,

v.

Harold Count JOHNSON, Defendant.

No. 69 CR 192(2).

United States District Court,
E. D. Missouri, E. D.

July 31, 1970.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., W. Francis Murrell, Asst. U. S. Atty., for plaintiff.

C. Perry Bascom, II, James Bell, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court for a decision on the motion to vacate judgment and sentence, filed June 12, 1970, by Harold Count Johnson. Johnson was convicted in case No. 69 Cr 192(2) of violation of 26 U.S.C. § 5861 and sentenced to a term of six years imprisonment. A hearing on the motion was held on July 17, 1970. Johnson was represented by court-appointed counsel.

Johnson's motion alleges that after sentencing he instructed his trial counsel, James A. Bell, a retained counsel, to perfect an appeal on his behalf. No appeal was timely made. The record shows that Johnson was indicted on September 18, 1969, and, after arrest, was released on $1,000.00 bond. Johnson was tried on January 5, 1970, and convicted by a jury while being represented by his retained counsel, James A. Bell. A motion for a new trial was filed and overruled on January 27, 1970.

At the hearing on July 17, 1970, testimony on behalf of the motion to vacate judgment was offered by Johnson and his wife. Testimony was received from James A. Bell, Johnson's attorney at the trial. The only issues of fact which were disputed were whether Johnson wanted to take an appeal following the trial and whether Bell was asked to take that appeal.

At the evidentiary hearing on July 17, 1970, Johnson testified that he had instructed Mr. Bell to appeal his conviction. Defendant's wife also testified that after her husband's conviction, she telephoned Mr. Bell and directed him to appeal the case. Mr. Bell's testimony directly contradicted the defendant Johnson and his wife's testimony. Mr. Bell testified that on two occasions after the trial, he discussed the possibility of appealing the conviction with the defendant. It was decided by both the defendant and Mr. Bell, in light of the state charges pending against the defendant, that an appeal would not be taken in the present case. The wife's testimony also was contradicted by Mr. Bell, who stated that no telephone call from the wife was ever received by him.

There is no question, as the defendant contends, that a defendant who has requested his retained or appointed counsel to appeal and proceeds under the misapprehension that such would be done only to find that no action was taken, is entitled to file an untimely appeal. But such authority is not controlling in this case because according to the credible testimony and evidence in this case both the defendant and his retained counsel agreed not to appeal. The evidence shows that Johnson waived his right to appeal because the defendant hoped that the pending charges in state court would be dropped if he served his present sentence. Johnson was aware of his right to appeal because at his sentencing the trial judge specifically informed him of this right. Johnson was also informed of his right to proceed in forma pauperis if he was unable to retain counsel.

The Court finds that in considering the weight of the evidence and the credibility of the witnesses in this case, the defendant is not entitled to appeal. Defendant's motion to vacate judgment and sentence will be denied.