**Harold Count JOHNSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 71 C 413(1).**

United States District Court, E. D. Missouri, E. D.

Aug. 30, 1971.

Harold Count Johnson, pro se.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for respondent.

### MEMORANDUM

MEREDITH, Chief Judge.

This matter is pending on motion of the petitioner to vacate judgment and sentence under the provisions of 28 U.S. C. § 2255 in criminal case No. 69 Cr 192.

Petitioner was indicted on September 18, 1969, under the provisions of 26 U. S.C. § 5861. He was represented by retained counsel. Thereafter, he was released on $1,000 bond, and was tried and convicted on January 5, 1970, and on January 16, 1970, was sentenced to a term of six years. On January 26, 1970, a motion for a new trial was made and was overruled on January 27, 1970. No appeal was taken from the judgment of conviction.

On June 12, 1970, petitioner filed a motion to prosecute his appeal, claiming that he had instructed his retained counsel to appeal and retained counsel had failed to do so. On June 22, 1970, an attorney was appointed for petitioner and he was returned to the court. On July 17, 1970, a complete hearing was had on the matter of his appeal. Thereafter, briefs were filed by his appointed attorney and appeal was denied. This matter was appealed to the United States Court of Appeals for the Eighth Circuit, where, on January 20, 1971, an order was entered in cause No. 20,493 affirm-

ing the judgment of the district court, 315 F.Supp. 58.

Petitioner's present complaint is that while he was advised of his right to appeal on January 5, 1970, after the conviction by the jury, he was not advised of his right to appeal after the imposition of sentence.

Rule 32(a) (2), F.R.Cr.P., requires the Court, after imposing sentence in a case which has gone to trial on a plea of not guilty, to advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis.

Rule 32(a) (2) and its predecessor Rule 37(a) (2) seek to insure that all defendants know of their right to appeal in order that they may act to exercise this right or knowingly waive it. Further, "[b]ecause indigent defendants are most likely to be without effective assistance of counsel at this point in the proceedings, it is also provided that defendants be notified of the right of a person without funds to apply for leave to appeal in forma pauperis.", Note of Advisory Committee on Rules, F.R.Cr.P. 32(a) (2).

At the hearing on July 17, 1970, on petitioner's previous complaint, the Court did not find that the petitioner did not appeal because he did not understand his right to appeal as he contended, but found that the reason petitioner did not appeal was to allow his retained counsel to obtain a dismissal of certain pending state charges which could only be disposed of when petitioner's sentence in Cause No. 69 Cr 192 became final.

As to petitioner's present contention that after the imposition of sentence, he was not advised of his right to appeal, it is noted that after imposing sentence, this Court brought to petitioner's attention the fact that his right to appeal had been explained to him previously. This Court had fully advised the petitioner after his conviction of the right to appeal and the right of a person who

is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. The transcript of this advice is in the file.

In light of the above, it is the opinion of this Court that the requirements of Rule 32(a) (2) have been met and petitioner's claim is without merit.