Harold Count JOHNSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 71–1582.

United States Court of Appeals,
Eighth Circuit.

Jan. 27, 1972.

Harold Count Johnson, pro se.

Daniel Bartlett, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, STEPHENSON, Circuit Judge, and REGISTER, Chief District Judge.

PER CURIAM.

Harold Count Johnson appeals from an order entered by Chief Judge Meredith denying, without a hearing, his 28 U.S.C. § 2255 motion to vacate his sentence, 332 F.Supp. 344. We must decide whether, in light of all the circumstances, Johnson received the notification of right to appeal contemplated and required by Rule 32(a) (2) of the Federal Rules of Criminal Procedure.[1] Chief Judge Meredith found that the rule had been complied with. We are

1. Rule 32(a) (2) provides:
   "After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defend-ant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. * * * "

obliged, of course, to accept that finding unless it is clearly erroneous.[2]

The events which precipitated this appeal are these. A jury in the Eastern District of Missouri convicted Johnson on a felony charge of possessing a sawed-off shotgun in violation of 26 U.S.C. § 5861. He received a sentence of 6 years. Immediately after the jury returned its verdict the District Judge advised Johnson of his right to take an appeal and his right to seek leave to appeal in forma pauperis. Eleven days later, at the time sentence was imposed, the District Judge stated:

> "I have already explained to you your right to appeal. You understand that. You may go."

Johnson did not file a notice of appeal within the time prescribed by F.R.A.P., Rule 4(a), 28 U.S.C. Instead, some 6 months later, he filed a motion "to prosecute a belated appeal and for appointment of counsel in forma pauperis." Counsel was appointed and an evidentiary hearing held. Johnson, his wife, and Johnson's retained trial attorney testified.[3] Chief Judge Meredith's unreported memorandum-order concluded:

> "The court finds that in considering the weight of the evidence and the credibility of the witnesses in this case, the defendant is not entitled to appeal. Defendant's motion to vacate judgment and sentence will be denied."

Johnson appealed this finding. This court affirmed the judgment in an unreported order without filing an opinion.[4]

The instant motion was filed in July 1971, some seven months after this court affirmed Chief Judge Meredith's denial of the first post-conviction motion.

Johnson, in two substantial briefs, now argues that his January 1970 sentence must be vacated for three different reasons.[5] *First*, he claims that the letter of Rule 32(a) (2) was violated to the prejudice of his appeal rights in that he received notification thereof at the time the jury returned its verdict rather than at the time sentence was imposed. *Second*, he contends that the notification of his right to appeal at the time the jury verdict was received cannot translate into compliance with the rule since at that time he was "addicted and under the influence of narcotics." *Third*, he asserts that the trial court erred, at the time sentence was imposed, in not instructing the clerk of court to prepare and file a notice of appeal on his behalf.[6] We find no merit whatsoever in any of these contentions.

■■ It needs no extended analysis to demonstrate that the central purpose of the rule is to achieve prompt and final disposition of criminal cases by securing to the convicted defendant timely and adequate notice of his appellate rights. The master issue in this case is whether or not the notification given here is consistent with that purpose. Of course, in considering this question, it must not be lost sight of that the sentencing judge's responsibility under the rule is one couched in explicit and mandatory terms. Hence, a refusal to dis-

2. See Davis v. United States, 441 F.2d 20, 22 (CA8 1971).

3. There was sharp conflict in the evidence regarding Johnson's desire to take an appeal. He and his wife testified that trial counsel had been informed of Johnson's desire to appeal shortly after sentence was imposed. This was specifically denied by the trial attorney. He testified that he and Johnson mutually decided not to pursue an appeal because of certain State charges which were then pending against Johnson.

4. See U.S.Ct. of App. Eighth Cir., Rule 14, 28 U.S.C.A.

5. Johnson lists four grounds for relief. The fourth relates to the time at which the mandatory time limit for perfecting an appeal commences to run. He cites Hannigan v. United States, 341 F.2d 587, 588 (CA10 1965) as supportive of his contentions in this regard. This issue is one we need not reach.

6. The last sentence of Rule 32(a) (2) is as follows:
"If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant."

charge that responsibility may require vacation of the sentence and a concomitant remand for resentencing.[7] The problem before us is whether this is such a case.

■ While it is true that there here was not compliance with the literal language of the rule, it bears reiteration that the District Judge did provide Johnson with the information required under the rule at the time the jury returned its verdict.[8] It is also to be noted that the District Judge alluded to the matter of Johnson's appeal rights at the time he imposed sentence. These factors, so far as we are concerned, make it abundantly clear that this is not a case like United States v. Benthien, 434 F.2d 1031 (CA1 1970), in which the convicted criminal defendant was afforded no notice whatsoever of his right to appeal. And, since Johnson himself admits to having discussed the matter of appeal with his privately-retained trial attorney shortly after sentence was imposed, he in no sense can now meaningfully claim that he was completely ignorant of his rights in that regard. We may therefore conclude with assurance that the record is barren of a single factor which in itself would produce the conclusion that the procedure followed in this case raised any possibility of prejudice to Johnson's appellate rights.[9]

It has been said by at least one appellate court that there is no adequate substitute for compliance with Rule 32(a)(2).[10] In our view, however, the rule need not be interpreted with such rigidity. For us, the appropriate inquiry turns on whether the particular procedure of notification at issue is congruent with the spirit and purpose of the rule. So measured, we find nothing in the present case, or in any of the numerous other cases Johnson has cited to us, to indicate that the time and method of notification employed here was operative to undercut the salutary purpose of the rule.

Affirmed.

---

7. See, e. g., Nance v. United States, 422 F.2d 590, 592 (CA7 1970) and United States v. Smith, 387 F.2d 268, 271 (CA6 1967).

8. Immediately after delivery of the jury verdict the following colloquy passed between the court, Johnson, and counsel:

   "THE COURT: Mr. Johnson, will you come forward with your attorney.

   "(The defendant and his attorney approached the Bench).

   "THE COURT: Mr. Johnson, you understand that you have a right to appeal from the verdict of the jury?

   "DEFENDANT JOHNSON: Yes, sir.

   "THE COURT: In the event you make the proper showing that you have no funds, the transcript will be furnished by the Government, and also a lawyer will be furnished by the Government, not your present lawyer, however.

   "THE COURT: If you would like to appeal, tell your lawyer, and he will take the necessary steps to see that that is done.

   "THE COURT: We will have sentencing on January 16 (1970) at ten o'clock.

   You may surrender to the custody of the Marshal pending the sentencing, and at that time I will set a bail for appeal. I will see you at ten o'clock on the 16th."

9. Johnson's unembellished and oblique reference that he was under the influence of "narcotic drugs" at the time he was given notification of his right to appeal, standing alone and bare, strikes us only as an attempt to manufacture an appealable issue and does not command credibility. The point seems not to have seriously pressed in the trial court, is wholly without factual support, and we dismiss it peremptorily. Similarly unpersuasive is the contention that error ensued from the failure of the District Judge to instruct the clerk to prepare and file a notice of appeal on Johnson's behalf. The plain language of the rule conditions such a duty upon the specific request of the defendant. No such request was made in this case.

10. United States v. Deans, 436 F.2d 596, 599 n. 3 (CA3 1970).