**STATE of Missouri, Plaintiff-Respondent,**

v.

**Earl Leroy GILBERT, Defendant-Appellant.**

**No. 9611.**

Missouri Court of Appeals, Springfield District.

March 5, 1974.

Zane H. White, Pros. Atty., Phelps County, for plaintiff-respondent.

Jay V. White, Rolla, for defendant-appellant.

PER CURIAM:

On June 5, 1973, a jury in the Circuit Court of Phelps County found defendant guilty of driving a motor vehicle while intoxicated. Two days later, or on June 7, 1973, defendant's motion for a new trial was filed. The next entry in the transcript on appeal is the undated assertion that "Thereafter, motion for new trial not being argued by counsel, it is automatically overruled by law."[1] Defendant's notice of appeal to this court was filed September 6, 1973.

The transcript on appeal, which came to this court on February 25, 1974, is devoid of any record which shows that defendant was ever afforded allocution or that the court rendered "the proper judgment and pronounce[d] sentence thereon." Rule 27.-09, V.A.M.R. Since no final judgment was rendered against defendant, there is nothing from which an appeal can be taken. State v. Chase, 415 S.W.2d 731, 732[1–3] (Mo.1967). Ergo, the appeal is premature and is ordered dismissed.

1. It is assumed this refers to Rule 27.20(b): "If the motion for new trial is not passed on within ninety days after the motion is filed, it is deemed denied for all purposes." Our calculations indicate the motion in the instant case was deemed to have been denied on September 5, 1973, the day before the notice of appeal was filed.

Should proper procedures be performed after remand, defendant may then appeal. State v. Robbins, 481 S.W.2d 618 (Mo. App.1972).

All concur.