**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Eugene Frederick WILKE,
Defendant-Appellant.**

**No. 10709.**

Missouri Court of Appeals,
Springfield District.

Jan. 3, 1978.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Gary W. Lynch, Kerry D. Douglas, Douglas & Douglas, Bolivar, for defendant-appellant.

BILLINGS, Chief Judge.

A Polk County jury found defendant guilty of robbery in the first degree by

means of a dangerous and deadly weapon and assessed his punishment at five years imprisonment. The jury's verdict was returned December 9, 1976.

Defendant did not file a motion for new trial and on December 28, 1976, the court, pursuant to Rule 27.09, V.A.M.R., afforded defendant allocution, *rendered* judgment and pronounced sentence.

The transcript filed herein fails to show that the clerk of the court complied with Rule 27.11, V.A.M.R., inasmuch as no judgment was in fact *entered.* This rule mandates that when "[A] judgment upon a conviction shall be *rendered* in any court, the clerk . . . shall *enter* such judgment . . . and the court shall inspect such entries and conform them to the facts . . . ." (our emphasis).

In *State v. Skaggs,* 248 S.W.2d 635 (Mo. 1952), our supreme court ruled: "It is the duty of the clerk of the trial court to *enter* the judgment *rendered* and the duty of the trial court to inspect the judgment so *entered* . . . ." (our emphasis).

■ As *Skaggs* holds, the failure to comply with Rule 27.11 does not impair the validity of the judgment rendered by the court. However, before appellate review can be undertaken, the judgment must be entered and made a part of the record.[1]

■ Rule 28.03, V.A.M.R., provides in part that in criminal cases "An appeal shall

be taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases." Rule 81.04, V.A.M.R., requires notices of appeal to be filed within ten days after the judgment becomes final. For purpose of appellate review, "[A] judgment becomes final at the expiration of thirty days after the *entry* of such judgment" if, as here, no motion for new trial has been filed. Rule 81.05(a). (our emphasis).

■ Thus, it is the *entry* of the judgment by the clerk of the court of the judgment *rendered* by the judge that triggers the appellate process.[2] Without *entry* of the judgment by the clerk there can be no final judgment from which an appeal can be taken. A notice of appeal in such instance is premature.

Here, the transcript fails to disclose *entry* of the judgment as required by Rule 27.11. We are forced to assume that the approved transcript "correctly includes all of the record", Rule 81.12(c), V.A.M.R., and that no judgment has ever been entered by the clerk.[3]

■ The entry of the judgment as required by Rule 27.11 was the ministerial duty of the circuit clerk. *Rehm v. Fishman,* 395 S.W.2d 251 (Mo.App.1965). The clerk's failure to enter the judgment in the record of the court is not defendant's fault and his

1. Rules 27.09 and 27.11 recognize the difference between the rendition of a judgment by the trial judge and its entry by the clerk. Rule 73.01, governing court-tried civil cases, likewise recognizes the difference as does the rule applicable to jury tried cases [Rule 78.04]. Missouri decisions and text authorities agree there is a difference. See: *McCoy v. Simpson,* 344 Mo. 215, 125 S.W.2d 833 (1939); 49 C.J.S. Judgments §§ 100 and 106 (1947); 46 Am. Jur.2d Judgments §§ 52 and 152 (1969).

2. Accord: 4A C.J.S. Appeal & Error § 445 (1957); *Williams v. Williams,* 480 S.W.2d 525 (Mo.App.1972) and cases cited therein.

3. In recent months we have been required to dismiss (civil) or hold in abeyance (criminal) appeals because the transcript failed to show entry by the clerk of the judgment rendered by the trial judge. In most instances the "judgment" was nothing more than a docket or min-

ute entry. " 'The mere ruling, decision or opinion of the court, no judgment or final order being entered in accordance therewith, does not have the effect of a judgment, and is not reviewable by appeal or writ of error.' " *McCoy v. Simpson,* 125 S.W.2d at 834.

Administrative Rule 4.12, 542 S.W.2d XXIII (effective March 1, 1977), calls for the court to *approve the judgments* in all civil and domestic relations cases and states the court shall be responsible for all *judgments* in criminal cases and further provides "*the judgment shall be a part of the respective case file.*" (our emphasis). Attorneys who prevail in civil cases might well heed the suggestion of Judge Eager in *Byrd v. McGinnis,* 299 S.W.2d 455 (Mo. 1957), that "counsel might be well advised to check the record" although "the primary responsibility for the entry of a judgment is upon the clerk."

appeal will not be dismissed but held in abeyance and the cause remanded to the trial court for entry of the required judgment. Upon receipt of a supplemental transcript containing the judgment, defendant's appeal will be re-submitted. *State v. Skaggs,* supra; *State v. Asberry,* 553 S.W.2d 902 (Mo.App.1977).

It is so ordered.

All concur.