**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Donald Patrick SHIPMAN,
Defendant-Appellant.**

**No. 10799.**

Missouri Court of Appeals,
Springfield District.

Jan. 3, 1978.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

James R. Reynolds, Ford, Ford, Crow & Reynolds, Kennett, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant Donald Patrick Shipman was convicted of an attempt to commit burglary and possession of burglar's tools by a Dunklin County jury. The jury's verdicts were returned August 23, 1977, and on September 8, 1977, the defendant filed a motion for new trial.[1]

The transcript filed herein, approved by the parties, recites that following the court's overruling of the motion for new trial "allocution was accorded defendant and he was thereafter sentenced by the Court." This is followed by what is designated as an entry in the office of the clerk which reads:

1. The transcript does not show an application for and extension of time for filing the motion for new trial. Rule 27.20(a), V.A.M.R.

"Allocution granted. Defendant sentenced to five (5) years in the State Department of Corrections on Count I and to ten (10) years in State Department of Corrections on Count II, the sentences to run concurrently. Credit for 157 days in jail. Bond set at $15,000. Defendant allowed to appeal as poor person and Jim Reynolds appointed as attorney. Court Reporter ordered to prepare transcript at cost of State. Sheriff allowed one guard in transporting defendant."

Again, we are faced with a premature appeal because the minute entry does not constitute a judgment from which an appeal can be taken. And, without such a judgment being entered by the clerk, we do not have jurisdiction to consider the defendant's appeal.

Rule 27.11, V.A.M.R., requires that "Whenever a judgment upon a conviction shall be rendered . . ., the clerk . . . shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment or sentence."

The "judgment" here is nothing more than a minute entry because it fails to comply with Rule 27.11. *State v. Asberry,* 553 S.W.2d 902 (Mo.App.1977).

What was said in *State v. Skaggs,* 248 S.W.2d 635 (Mo.1952), is applicable here: "[W]here it appears from a minute entry that defendant was sentenced but there is no record of a judgment entry, proper disposition is to set aside submission of the case here and remand it with directions to the trial court to enter judgment."

For the foregoing reasons and those stated in *State v. Wilke,* Mo.App., 560 S.W.2d 601, decided this date, the cause is remanded to the trial court for entry of the required judgment. Defendant's appeal will be reinstated upon receipt of a supplemental transcript containing said judgment.

It is so ordered.

All concur.