STATE of Missouri,
Plaintiff–Respondent,

v.

Benjamin J. FRIEND,
Defendant–Appellant.

No. 11533.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 5, 1980.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Harry R. Stafford, Jr., Hartville, for defendant–appellant.

PER CURIAM:

Defendant was jury–convicted of stealing cattle. It fixed his punishment at five years' imprisonment. In due time defendant filed his motion for a new trial which was overruled October 4, 1979. The minute entries upon the docket sheet, included in the record on appeal, reflect that the following entry was made on the same date: "10/4/79 Defendant appears–Allocution allowed defendant Judgement and sentence–Defendant allowed one day Jail time Sheriff allowed one additional Guard at request of Defendant. Bail pending appeal is fixed at $10,000/00 to be approved by the clerk."

■ The above is a minute entry and is not and does not purport to be a judgment entered of record. *State v. Skaggs*, 248 S.W.2d 635, 637–638 (Mo. 1952). As a mere minute entry, the above does not constitute a judgment from which an appeal may be taken because it fails to comply with the requirements placed on the clerk for entry of judgment by Rule 27.11, V.A.M.R., then still in effect.[1] *State v. Shipman*, 560 S.W.2d 603, 604[1] (Mo.App. 1978); accord: *State v. Wilke*, 560 S.W.2d 601, 602[3] (Mo. App. 1978). Before appellate review may be undertaken, in this case, the judgment must be entered and made a part of the record. *Wilke* at 602[1]; cf. Id. n. 1.

■ As it appears the failure to enter judgment is chargeable to the clerk's omission of a ministerial duty required by Rule 27.11, supra, defendant's appeal will not be dismissed. *State v. Skaggs*, supra, 248 S.W.2d at 638[13, 14]. Rather, the appeal will be held in abeyance and the cause remanded to the circuit court for entry of

1. Rule 27.11 (1979): "Whenever a judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter such judgment and sentence thereon fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty, either by the clerk or judge, shall in nowise affect or impair the validity of the judgment or sentence."

the proper judgment. Upon receipt here of a supplemental legal file attesting entry of a proper judgment, the appeal will be reinstated. Until receipt of such document, the appeal in this case is relegated to limbo. *State v. Wilke*, supra, 560 S.W.2d at 602–603[4]; accord: *State v. Anderson*, 580 S.W.2d 553, 554 (Mo.App. 1979).

It is so ordered.

All concur, except FLANIGAN, C.J., recused.