STATE of Missouri, Respondent,

v.

Darrell Dean CHAPMAN, Appellant.

No. 13914.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 17, 1986.

On Appellant's Post-Opinion Motion
Feb. 21, 1986.

Stephen L. Shepard, Springfield, for appellant.

Thomas E. Mountjoy, Pros. Atty., Sam S. Phillips, Asst. Pros. Atty., Springfield, for respondent.

PER CURIAM.

On July 16, 1984, judgment was entered in Associate Division 2 of the Circuit Court

of Greene County, finding appellant guilty of the class B misdemeanor of driving while intoxicated, first offense, § 577.010, Laws 1982, p. 686, and sentencing him to pay a $400 fine and to be imprisoned in jail for 60 days. Execution of the imprisonment was suspended, and appellant was placed on supervised probation for two years, subject to certain conditions immaterial here.

Appellant filed his notice of appeal with the Clerk of the Circuit Court of Greene County on August 14, 1984.

■ Rule 30.01(d), Missouri Rules of Criminal Procedure (15th ed. 1984), provides that no appeal in a criminal case shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final. A judgment in a criminal case is final for purpose of appeal when the judgment and sentence is entered; a notice of appeal filed in the trial court more than ten days after its entry is ineffective to vest the appellate court with jurisdiction. *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693[1] (Mo. banc 1979).

■ In the instant case, the notice of appeal was filed 29 days after entry of judgment and sentence.

Appeal dismissed.

## ON APPELLANT'S POST–OPINION MOTION

After our opinion was filed, appellant filed a "Motion to Set Aside Dismissal and Remand Back to Trial Court for Lack of Jurisdiction." In that motion, appellant, for the first time, asserted that the trial court's judgment was not final for purpose of appeal, therefore we lacked jurisdiction to dismiss his appeal. Consequently, argued appellant, we should set aside the dismissal and remand the cause to the trial court "for additional proceedings for lack of jurisdiction, because this judgment is not final."

In support of his contention, appellant tendered four theories, which we shall consider seriatim.

Appellant's first theory is that the trial court never afforded him allocution, and that under *State v. Wood*, 534 S.W.2d 100 (Mo.App.1976), and *State v. Gilbert*, 507 S.W.2d 25 (Mo.App.1974), such omission deprived the judgment of finality.

■ The contention is refuted by the record. While the judgment does not, on its face, recite that allocution was granted, the transcript clearly demonstrates that appellant was in fact afforded allocution. At the outset of the proceedings on the day of sentencing, the judge advised appellant that he had previously been found guilty of driving while intoxicated, first offense, and that the judge would hear the comments of counsel regarding sentencing. The prosecutor then addressed the judge on that subject, and his comments were followed by those of defense counsel. The latter's comments fill four pages of the transcript, concluding with the statement that counsel had "no further substantive matters with regard to this sentencing." It is thus manifest that appellant was advised of the finding of guilty, and that appellant was allowed ample opportunity to inform the judge of any legal cause why judgment and sentence should not be pronounced against him. Moreover, Rule 29.07(b)(1),[1] which provides for allocution, states, in pertinent part: "... in all cases of misdemeanor, the requirements of this subparagraph are directory and the omission to comply with them shall not invalidate the judgment or sentence."

*Wood* and *Gilbert* do not aid appellant. In those cases, the transcript not only failed to show that allocution was afforded, it also failed to reflect that the trial court had entered judgment and pronounced sentence. Here, at the conclusion of the sentencing hearing, the judge, in precise and unambiguous terms, pronounced the sentence referred to in the first paragraph of our opinion.

---

1. Rule references are to Missouri Rules of Criminal Procedure (15th ed. 1984).

Appellant's first theory is, for the above reasons, without merit.

■ Appellant's second theory is that because the trial court failed to advise appellant of his right to appeal, *see* Rule 29.-07(b)(3), the judgment lacked finality for purpose of appeal. Appellant cites no case so holding, and our research has failed to locate one. While such omission might, in an appropriate case, supply a basis to argue that good cause existed for granting leave to file a late notice of appeal per Rule 30.03, we fail to see how such omission could deprive a judgment of finality for purpose of appeal. Appellant's second theory is, accordingly, rejected.

■ Appellant's third theory is that the trial court failed to render a "formal judgment." Citing *State v. Wilke*, 560 S.W.2d 601, 602[3] (Mo.App.1978), appellant insists that without the entry of a judgment by the clerk of the trial court, there can be no final judgment from which an appeal can be taken. We note, however, that *Wilke* was based on former Rule 27.11, which was repealed effective January 1, 1980. Order, Supreme Court of Missouri, June 13, 1979, effective January 1, 1980, 580–81 S.W.2d, pp. XXI to CXXXIII. The rule regarding the judgment in a criminal case applicable here is Rule 29.07(c). That rule specifies what shall be set forth in the judgment, but makes no reference to entry of the judgment by the clerk. In the instant case, the judgment entry, subscribed by the sentencing judge, while not a model to be recommended, does, in our opinion, make clear that appellant, having been found guilty of driving while intoxicated, first offense, was assessed the sentence heretofore mentioned.

*State v. Asberry*, 553 S.W.2d 902 (Mo. App.1977), also cited by appellant in support of his third theory, was likewise based on former Rule 27.11. *Asberry*, like *Wilke*, thus fails to aid appellant. We find no merit in appellant's third theory.

Appellant's fourth theory is that the judgment lacked finality for purpose of appeal because the judge who sentenced him was not the judge who found him guilty. In that regard, the transcript shows that at time of sentencing, the judge who had found appellant guilty was ill, and that another judge had been assigned to appellant's case. Appellant and his counsel appeared before the successor judge and, as noted earlier, the successor judge heard the comments of the prosecutor and appellant's counsel in regard to sentencing, after which judgment and sentence were pronounced. Appellant made no objection to appearing before the successor judge and, in his brief on appeal, appellant raised no issue about the authority of the successor judge to enter judgment and sentence. All of the assignments of error in appellant's brief pertained to rulings by the judge who had found appellant guilty.

■ In *State v. Tettamble*, 450 S.W.2d 191, 193 (Mo.1970), it was pointed out that courts must continue despite death, resignation, illness, or expiration of the term of a judge. *Tettamble* held that a judge who had succeeded the judge who had presided at the jury trial which resulted in a verdict of guilty was authorized to assess sentence against the accused and pronounce judgment. *Id.* at 193[2]. *State v. Hopkins*, 573 S.W.2d 744 (Mo.App.1978), cited by appellant, is inapposite, as the predecessor judge in that case never entered a finding of guilty, thus there was no determination of guilt upon which the successor judge could pronounce sentence and render judgment. In the instant case, the predecessor judge entered a finding of guilty, thus the successor judge was authorized to proceed with allocution and sentencing. Rule 32.15. Appellant's fourth theory is without merit.

As an alternative to his contention that the judgment was not final for purpose of appeal, appellant argues that even if the judgment was appealable, his notice of appeal was timely, as it was filed within 30 days after the entry of the judgment, and *Wilke*, 560 S.W.2d at 602[2], states that for purpose of appellate review, a judgment in a criminal case becomes final upon expiration of 30 days after its entry if no motion for new trial is filed. We remind appellant,

however, that *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 693[1] (Mo. banc 1979), on which we rely in our opinion, holds that a judgment in a criminal case is final for purpose of appeal when the judgment and sentence is entered, and that a notice of appeal filed in the trial court more than ten days after its entry is ineffective to vest the appellate court with jurisdiction. *Wagner*, decided after *Wilke*, is the last controlling decision of the Supreme Court of Missouri on this issue, and we are constitutionally bound to follow it. Mo. Const. art. V, § 2 (1945); *Estate of Seabaugh*, 654 S.W.2d 948, 957[4] (Mo.App.1983).

In a final effort to rescue his appeal, appellant faults us for failing to inform him, prior to our opinion, that his notice of appeal was untimely. Appellant alleges that if we had dismissed his appeal when the notice of appeal was first received here, he could have requested leave under Rule 30.03 to file a late notice of appeal, a step no longer available to him inasmuch as more than 12 months have elapsed since the judgment became final. Appellant maintains that we should therefore be estopped to hold that his notice of appeal was untimely.

The flaw in appellant's position is that the timely filing of a notice of appeal is the vital step for perfecting an appeal, and is necessary to invoke appellate jurisdiction. *State v. Morrow*, 316 S.W.2d 527, 529 (Mo.1958). In *Morrow*, as here, the accused filed an untimely notice of appeal, and no application for a special order allowing a late notice of appeal was made within 12 months after final judgment. The Supreme Court, noting that the judgment and sentence was final and appealable when entered, and that the notice of appeal had to be filed within ten days thereafter (absent a special order authorizing a late appeal), held that it had no jurisdiction over the appeal and was required to dismiss it.

The situation in appellant's case is identical with *Morrow*. Appellant's post-opinion motion is consequently denied.

