**Kenneth J. NOVAK, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56448.

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 11, 1990.

Application to Transfer Denied
May 15, 1990.

Daniel L. Sayle, Clayton, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Kenneth J. Novak, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Appellant was convicted in a bench tried case of one count of kidnapping, one count of stealing and two misdemeanors; tampering with a witness and violating an order of full protection. In order to understand the nature of appellant's postconviction claims, a brief procedural overview is necessary.

Appellant was sentenced on February 2, 1982, to six months imprisonment on the tampering charge and was sentenced to fifteen days for violating the protective order. Since appellant was given credit for the time he spent in jail awaiting trial, he was discharged entirely from these sentences. The court then suspended imposi-

tion of sentence on his two felony convictions, kidnapping and stealing, and placed him on five years supervised probation.

Appellant was unable to live up to the terms of his probation, however. On June 8, 1984, his probation was revoked on the kidnapping charge and he was sentenced to ten years imprisonment. The court then suspended execution of this sentence and placed appellant on five years probation.

Appellant again violated his probation in 1987. On March 24, 1987, the court revoked appellant's probation on both his kidnapping and stealing convictions and executed his ten year sentence for kidnapping and executed a concurrent two year sentence for stealing. Appellant never sought a direct appeal of any of his four convictions.

Appellant filed his *pro se* Rule 27.26 motion on October 27, 1987, which counsel amended on September 29, 1988. An evidentiary hearing was held on October 27, 1988, and January 30, 1989, after which the motion court denied appellant's motion. In this appeal, appellant claims that the trial court, as well as appellant's counsel, failed to inform him of his right to appeal his convictions for kidnapping and stealing.

Our review of the motion court's findings is limited to whether its findings, conclusions, and judgment are clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). These findings are clearly erroneous if, after examining the entire record, we are left with a definite and firm impression that a mistake has been made. *Id.* at 695–96. Applying the above standard to the case at bar, we find no error.

■ Appellant's basic claim is that he has been denied his right to appeal his convictions for kidnapping and stealing. We first note that under Missouri case law, since a criminal conviction can only be appealed after sentence has been imposed, a suspended imposition of sentence is not appealable. *State v. Lynch,* 679 S.W.2d 858, 860–62 (Mo. banc 1984); *State v. Murphy,* 626 S.W.2d 649, 650 (Mo.App., E.D. 1981). Therefore, appellant had a right to appeal his kidnapping conviction when execution was suspended in June of 1984 and had a right to appeal his stealing conviction

in March of 1987. His first claim is that his trial counsel was ineffective in not advising him of his right to appeal.

■ Appellant's trial counsel testified at the evidentiary hearing that, immediately after the judge suspended execution of appellant's kidnapping charge, he did advise appellant that appellant had a right to appeal his conviction. Counsel also stated that it was his belief that appellant was not interested in appealing since he was confident that he could abide by the terms of his probation and avoid imprisonment. While appellant was, unfortunately, mistaken about his ability to comply with the terms of his probation, trial counsel was not under any duty to appeal for him. Trial counsel can only be found ineffective where the defendant "wishes to appeal and his attorney either refuses or negligently fails to take the proper steps to appeal." *White v. State,* 558 S.W.2d 372, 374–375 (Mo.App., St.L.D.1977). The evidence indicating that appellant was told of his right to appeal by trial counsel and appellant's failure to express a desire to appeal in 1984 or 1987 supports the denial of relief on this point.

Appellant's claim that the failure of the trial court to comply with Rule 29.07(b)(3) (1980) (which directs a sentencing court to advise a defendant of his right to appeal) is a constitutional violation which requires that appellant be resentenced is a more difficult question. It is clear from the record that the court never did comply with Rule 29.07(b)(3).

Rule 29.07(b)(3) reads as follows:

(3) *Notification of Right to Appeal* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and the right of a defendant who is unable to pay the cost of the appeal to apply for leave to appeal in forma pauperis.

Our research has only uncovered one Missouri opinion addressing Rule 29.07(b)(3). In *State v. Chapman,* 704 S.W.2d 674 (Mo. App., S.D.1986), the defendant failed to timely file his notice of appeal in the trial court under Rule 30.01(d) (1984). *Id.* at 675. Defendant argued that since the trial court failed to comply with Rule 29.07(b)(3),

the judgment lacked finality for purposes of appeal. *Id.* at 676. The Southern District stated that while the court's failure to comply with Rule 29.07(b)(3) might constitute good cause with which to allow defendant to file a late notice of appeal with the appellate court pursuant to Rule 30.03, the failure to follow Rule 29.07(b)(3) did not deprive the judgment of finality for purposes of appeal. *Id.*

*Chapman* does not help us to resolve our question since the Southern District only addressed the relationship between finality and the court's failure to follow the rule and since, in our case, appellant has not filed a motion for leave to file late notice of appeal with our court within 12 months of the date his convictions became final, as required by Rule 30.03. Since we have not found any other Missouri opinion addressing Rule 29.07(b)(3), we will look at the interpretation of Fed.R.Crim.P. 32(a)(2) and at a state court's constitutional duties at sentencing.[1]

The first sentence of Federal Rule 32(a)(2) is identical to our Rule 29.07(b)(3). When a federal trial court neglects to comply with Fed.R.Crim.P. 32(a)(2), the federal appeals courts remand the case for resentencing to allow the court to comply. *Nance v. U.S.*, 422 F.2d 590, 592 (7th Cir., 1970); *U.S. v. Smith*, 387 F.2d 268, 271 (6th Cir., 1967); *U.S. v. Benthien*, 434 F.2d 1031, 1032 (1st Cir., 1970) (held remanded even though defendant's attorney had advised him of his appellate rights); *Paige v. U.S.*, 443 F.2d 781, 782 (4th Cir., 1971). The Eighth Circuit Court of Appeals has indicated that it would also follow this line of precedent. *Johnson v. U.S.*, 453 F.2d 1314, 1316 (8th Cir., 1972).

While the federal appeals courts appear to routinely remand these cases for resentencing, the existence of a constitutional obligation upon a state court to advise a convicted defendant of his rights to appeal

is much less certain. In *U.S. ex rel. Smith v. McMann*, the Second Circuit Court of Appeals found that a state court's failure to advise an indigent defendant of his right to an appeal violated his right to equal protection under the fourteenth amendment and violated defendant's sixth amendment right to counsel via the due process clause of the fourteenth amendment. *U.S. ex rel. Smith v. McMann*, 417 F.2d 648, 654–655 (2nd Cir., 1969). *See also U.S. ex rel. Singleton v. Woods*, 440 F.2d 835, 836 (7th Cir., 1971). These cases find the existence of such a duty only where the convicted defendant is indigent. *U.S. ex rel. O'Brien v. Maroney*, 423 F.2d 865, 871–872 (3rd Cir., 1970).

However, the fifth circuit required that a state court know (or have reason to know) of a defendant's indigency *and* know of his desire to appeal before the court has a duty to inform the defendant of his appellate rights. *Martin v. Texas*, 694 F.2d 423, 426 (5th Cir., 1982). Moreover, the eighth circuit, which encompasses Missouri, has stated that the federal constitution does not require that a state court inform a convicted defendant of his right to appeal. *Pinson*, 830 F.2d at 897. The *Pinson* decision also held that the failure of a Missouri court to abide by Rule 29.07(b)(3) was not a violation of defendant's constitutional rights since the constitution did not even require that Missouri, or any state, afford appellate review. *Id.*

We are, thus, persuaded that our sole concern must be to determine when a trial court's failure to comply with Rule 29.-07(b)(3) requires a remand in order to give the defendant an opportunity to appeal. We have already noted that the federal courts remand for a violation of the federal rule, even where the defendant's attorney advised him of his right to appeal. *Benthien*, 434 F.2d at 1032. We feel this goes too far, however.

---

1. Judge Henley of the Eighth Circuit, U.S. Court of Appeals described the anonymity of Rule 29.07(b)(3) in a dissent in habeas corpus review by stating that the rule "was not even mentioned at the sentence hearing, at the post-conviction proceeding or at the habeas proceeding before the United States magistrate. Indeed, we are assured by appellate counsel on both sides that no Missouri rule or statute required that appel-

lant be advised of his right to appeal. The magistrate so found and evidently came to his factual and legal conclusions *utterly unaware* of Missouri Rule 29.07(b)(3)." *Pinson v. Morris*, 830 F.2d 896, 900 (8th Cir., 1987) (emphasis added). We also are at a loss to explain how a Rule which went into effect in 1980 has virtually eluded detection, as this rule apparently has.

The purpose behind Rule 29.07(b)(3) and the federal rule is to ensure prompt and final disposition of criminal cases by adequately giving notice to a convicted defendant of his right to appeal his conviction. *Johnson*, 453 F.2d at 1315. We would add that the rule also helps make a defendant's right to an initial appeal effective and enforces his right to have counsel provided on appeal if he cannot afford one. Such rights would have little meaning if those who were protected by them were not cognizant of them, regardless of indigency.

 We, therefore, hold that where a convicted defendant is not advised of his appellate rights as required under Rule 29.07(b)(3) *and* where the defendant has no independent knowledge of the existence of these rights, the case must be remanded for resentencing. Thus, we are requiring the appellant to show that he is prejudiced by the trial court's failure to comply with Rule 29.07(b)(3). Indeed, if the defendant knows of his right to appeal his conviction, the purpose of Rule 29.07(b)(3) is accomplished; we can assume he will seek an appeal if he wishes one. Affording relief in this situation would only unnecessarily create an additional appeal where none is desired originally.

In the federal cases which have imposed a constitutional duty upon a state court to inform a defendant of his appellate rights, the courts have also stated that no such duty exists where the defendant has independent knowledge of his right to appeal. *See e.g. McMann*, 417 F.2d at 655; *Martin*, 694 F.2d at 427. Thus, our implementation of Rule 29.07(b)(3) does not run afoul of the cases which find that a state court has a constitutional duty to advise a defendant of his right to appeal.

In the case at bar, the motion court found that appellant was advised by his attorney of his right to appeal his kidnapping sentence. This finding is supported by trial counsel's testimony. Likewise, the appellant testified that he had been convicted of crimes prior to 1982 in which an appeal was taken on his behalf by the public defender's office. He further stated that he was aware that he had a right to appeal when he was sentenced to a prison term (his claimed confusion related to a sentence of probation). Since this was precisely what occurred in 1987, appellant knew of his right to appeal and his right to have counsel appointed for him. Appellant was not prejudiced by the court's failure to comply with Rule 29.07(b)(3) and the motion court's denial of relief was not clearly erroneous.

Appellant finally asserts that he was denied his right to testify in his own defense by trial counsel. We have reviewed the entire record upon which this claim is based and we do not find the motion court's denial to be clearly erroneous. We find that an extended opinion on this matter would have no precedential value and, therefore, we affirm the motion court's denial of this point pursuant to Rule 84.16(b).

Since we do not find the findings and conclusions of the motion court to be clearly erroneous, we affirm the motion court's denial of appellant's Rule 27.26 motion.

REINHARD and CRIST, JJ., concur.