Edward C. THOMPSON, Petitioner,

v.

Harold E. BLACK, Warden, Kentucky State Reformatory, Respondent.

No. 1535.

United States District Court,
E. D. Kentucky,
Covington Division.

Jan. 12, 1971.

Edward C. Thompson, pro se.

John B. Breckinridge, Atty. Gen., Commonwealth of Kentucky, by David E. Murrell, Asst. Atty. Gen., Frankfort, Ky., for respondent.

## MEMORANDUM

SWINFORD, District Judge.

This is a habeas corpus proceeding wherein the petitioner, Edward C. Thompson, alleges that he has been deprived of his right to a direct appeal. The petition was ordered filed on September 15, 1970, and on October 30, 1970, the court entered an order directing the respondent to produce and submit for filing in this record an affidavit by the petitioner's court appointed counsel, a transcript of the pertinent sections of the trial record and any additional documentary evidence which

would tend to illuminate the facts surrounding the petitioner's allegations. The respondent has complied with that order. Although certain of the facts of this case remain unclear, the respondent has failed to contradict the petitioner's substantive allegations. It is, therefore, the judgment of the court that the petitioner is entitled to the requested relief.

■ The facts upon which the petitioner's claim is based are as follows. In 1967, the petitioner was indicted for armed robbery. The Boone County Circuit Court appointed counsel for the petitioner, although the petitioner was able, either through his own resources or those of his family, to pay his trial counsel a partial fee. The petitioner's first trial, in April 1968, resulted in a hung jury. In August of that year the petitioner was retried, convicted and sentenced to ten years imprisonment. The petitioner alleges that immediately following the court's imposition of sentence he requested his attorney to take an appeal. The trial counsel states in his affidavit that he informed Thompson that he would prosecute an appeal if a fee were paid in advance. No fee was paid, and no appeal was taken. The court must conclude from the record before it that the petitioner was not advised, either by his attorney or by the trial court, of his right to prosecute an appeal in forma pauperis. The petitioner's attorney states in his affidavit that he assumed the petitioner was advised by the court of his right to an appeal, however, the record of the judgment and sentence is silent in that regard and the respondent has not been able to produce any persuasive evidence from which it could be concluded that the petitioner was so informed.

■ In this court's memorandum of October 30, 1970, it was suggested that the Supreme Court case of Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), might be applicable to this proceeding. Although Rodriquez is in some respects analogous to the instant case, the court is reluctant to state that it is controlling. At the outset it must be noted that there is nothing in the Rodriquez opinion, which was delivered subsequent to Thompson's conviction, that would indicate that it is to have retroactive application. The Supreme Court, in Rodriquez, concluded *inter alia* that the trial judge's failure under rule 32(a) (2) of the Federal Rules of Criminal Procedure to inform the petitioner of his right to appeal in forma pauperis effectively deprived him of that right. Although the decision in Rodriquez is primarily applicable to federal cases, it is at least relatable to this proceeding in so much as Kentucky Criminal Rule 11.02(2), adopted prior to Thompson's conviction and modeled after Federal Rule 32(a) (2), requires the trial judge to inform a convicted defendant of his right to prosecute an appeal in forma pauperis. Rule 11.02(2), which is identical to Federal Rule 32(a) (2), states:

"After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal, or unable to employ counsel, to apply for leave to appeal in forma pauperis and to have the continued assistance of counsel to perfect and prosecute the appeal."

Here, as in Rodriquez, the trial court had a duty to inform the petitioner of his right to appeal. The legal ignorance of the petitioner and the apparent failure of the trial court to educate him as to the availability of an indigent appeal may have had the effect of foreclosing his right to appellate review.

■ A federal district court may grant habeas corpus relief to a state prisoner only if some fundamental constitutional right has been violated. There is no constitutional right to appellate review in a criminal case, however, if a statute grants a direct appeal as a matter of right, the Equal Protection Clause of the Fourteenth Amendment

assures an indigent defendant those same rights under the appeal statute as a nonindigent defendant is able to claim, including the right to assistance of counsel. It would seem that the Equal Protection Clause could be violated if a trial judge neglects under Kentucky Rule 11.02(2) to advise an indigent of his right to an appeal. Presumably Kentucky Criminal Rule 11.02(2) was adopted to serve the same purpose as its model, Federal Rule 32(a) (2) which according to the Notes of the Advisory Committee on Rules was designed to protect the indigent defendant who has not been adequately advised by his trial counsel of his right to appeal. See, Notes of Advisory Committee on Rules, 18 U.S.C.A. Rule 32 and Nance v. United States, 422 F.2d 590 (7 Cir. 1970).

Notwithstanding the obligation of the trial court under Kentucky Rule 11.02 to inform a defendant of his appellate rights, the primary duty to advise and inform the defendant of those rights rests with the trial counsel. A defendant is entitled to effective assistance of counsel which may be deprived if the right to appeal is foreclosed. There is no dispute that the petitioner requested his attorney to take an appeal, rather it is implied that the petitioner's counsel had reason to believe the petitioner could afford the expense of an appeal. The petitioner's attorney states in his affidavit that he was told by the petitioner that his (the petitioner's) mother would bear the cost of appellate review. That fact alone, in the opinion of the court, did not relieve counsel of his obligation to inform the petitioner of his right to an indigent appeal.

The record strongly indicates that the petitioner was, at the close of the August trial, without sufficient funds to prosecute an appeal. The petitioner's attorney, who was appointed by the trial court and who received only a small fee for his trial work, must have been aware of the petitioner's financial status. The court concludes that the petitioner's trial counsel, in knowing that the petitioner was desirous of an appeal and in knowing that the petitioner could not, in all likelihood, afford the fee, was under an obligation to advise the petitioner of the availability of a forma pauperis appeal. In deciding that the petitioner's attorney did not provide adequate representation as required by the Sixth Amendment, the court is confirmed by Gairson v. Cupp, 415 F.2d 352 (9 Cir. 1969), a case of remarkable similarity, and Benoit v. Wingo, 423 F.2d 880 (6 Cir. 1970).

The respondent has advised the court that the trial court reporter's notes are still available and can be transcribed. An order will this day be entered in which the state will be given 90 days to perfect petitioner's appeal to the Kentucky Court of Appeals from the Boone County Circuit Court with the assistance of a duly appointed and qualified attorney and a transcript of the record of the case.