Glenn Earl MARTIN,
Petitioner-Appellant,

v.

STATE OF TEXAS,
Respondent-Appellee.

No. 81–2428.

United States Court of Appeals,
Fifth Circuit.

Dec. 27, 1982.

William J. Dyer, Baker & Botts, Houston, Tex., for petitioner-appellant.

J.D. Hooper, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, GEE and JOLLY, Circuit Judges.

GEE, Circuit Judge:

In June of 1977, a jury found appellant Martin guilty of capital murder for the slaying of John C. Denson during the course of a robbery. After the jury refused to return affirmative answers to the special issues on aggravating circumstances required for imposition of the death penalty under Texas law, appellant was sentenced to life in prison. At the sentencing hearing, Martin's retained counsel stated that he had discussed an appeal with his client and that Martin had "no desire to make an appeal in this case;" no timely notice of appeal was filed. Less than two weeks later, after his

arrival at the Diagnostic Unit of the Texas Department of Corrections, appellant prepared and filed a *pro se* motion for leave to file an out-of-time notice of appeal. This motion was denied.

A few days thereafter, Martin embarked upon a journey through the state and federal habeas courts that, so far, has lasted five years. The denial of his first state habeas corpus petition was affirmed without written order by the Texas Court of Criminal Appeals. A subsequent habeas corpus petition in federal district court was dismissed for failure to exhaust state remedies. Martin then filed three more petitions for habeas corpus in state court, raising in each the same two issues before us today. He claimed that neither his trial counsel nor the trial judge informed him of his right to appeal with appointed counsel if he was indigent. He argued first that his counsel's omission constituted ineffective assistance of counsel and second that the Sixth Amendment imposed a duty upon the trial judge to apprise him of his appellate rights. The first two state petitions that raised these issues were denied without written order. The Texas Court of Criminal Appeals denied Martin's final state petition based upon its reading of the sentencing hearing record and further held that Martin had abused the writ.

Having thus exhausted state remedies, Martin then filed the instant action in federal district court. The district court treated the state's motion to dismiss as a motion for summary judgment and granted the motion, denying Martin's petition in a two-page Memorandum and Order. We granted a certificate of probable cause and now reverse.

Martin has never been accorded an evidentiary hearing in any court on the factual allegations raised in his state and federal petitions for habeas corpus. Because these alleged facts state a claim of ineffective assistance of counsel that is unrefuted by

the record, Martin must be given a chance to prove them. Accordingly, we must reverse and remand for an evidentiary hearing. Although we need not decide the issue today, we also believe Martin has raised a serious question whether the Sixth and Fourteenth Amendments impose a duty on state trial judges to apprise indigent defendants of their right to appeal with appointed counsel. As discussed below, the facts developed at the evidentiary hearing may necessitate careful consideration of this issue on remand.

I. Ineffective Assistance of Counsel.

Martin made the following allegations in his petition for habeas corpus in the district court:

> The Petitioner was represented by retained counsel at his trial. Retained counsel after verdict of conviction informed the petitioner that an appeal would be fruitless, that he might receive the Death Penalty if he did appeal his conviction. He advised the petitioner that the petitioner had not paid him enough to perfect the appeal (*sic*) and that the best for all concerned was for the petitioner to go to prison and do his life sentence.
>
> . . . . .
>
> At the time of sentencing, July 15, 1977, petitioner did not know that he could pursue a direct appeal free of costs.
>
> . . . . .
>
> It was only after petitioner reached the Diagnostic Unit that he learned for the first time that he had an absolute right to appeal, (without cost), his conviction and sentence of life imprisonment.

Substantially similar facts were alleged in Martin's final three state petitions.

 There is no question that these allegations state a claim of ineffective assistance of counsel:[1]

> It is well established in this Circuit, as elsewhere, that an indigent accused is

---

1. Since we agree that these allegations state a cause of action and, as explained below, entitle Martin to an evidentiary hearing, we need not address his claim that his counsel's advice regarding the death penalty also constituted ineffective assistance of counsel. This argument may be presented to the district court on remand.

denied effective assistance of counsel at a critical stage of the criminal process when his court-appointed attorney fails to advise him of his right to appeal, the procedure and time limits involved, *and of his right to appointed counsel on appeal.*

*Lumpkin v. Smith,* 439 F.2d 1084, 1085 (5th Cir.1971) (emphasis added); *Bonds v. Wainwright,* 579 F.2d 317, 319 (5th Cir.1978) (en banc). The *Lumpkin* standards, first announced for court-appointed counsel, are now equally binding upon retained counsel. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Perez v. Wainwright,* 640 F.2d 596, 597 (5th Cir.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1759, 72 L.Ed.2d 168 (1982); *see generally Washington v. Watkins,* 655 F.2d 1346, 1355 & n. 13 (5th Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982). Martin is entitled to habeas corpus relief if his allegations are true.

Had Martin's petition alleged facts contradicted by the record of the trial or a subsequent state hearing, an evidentiary hearing in the district court would be unnecessary. *See Mack v. Smith,* 659 F.2d 23, 25 (5th Cir.1981) (§ 2255 case). However, when a habeas corpus petitioner alleges facts not resolved in state proceedings that, if proved, would entitle him to the writ, he is entitled to an evidentiary hear-

ing. *Rummel v. Estelle,* 590 F.2d 103, 105 (5th Cir.1979), *aff'd,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Jackson v. Estelle,* 570 F.2d 546, 547 (5th Cir.1978). In this circuit, we require a petitioner to point to "specific incidents of ineffectiveness;" the district court need not accept "speculative and inconcrete claims." *Baldwin v. Blackburn,* 653 F.2d 942, 947 (5th Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2021, 72 L.Ed.2d 475 (1982). It is clear to us that Martin's *pro se* petition meets these standards even without the liberal construction the law affords such pleadings. *West v. Louisiana,* 478 F.2d 1026, 1030 (5th Cir. 1973), *modified on other grounds,* 510 F.2d 363 (5th Cir.1975) (en banc). Therefore the only remaining question is whether the record of the state court proceedings in this case affirmatively refutes Martin's allegations. The district judge apparently believed that it did.[2] We do not.

Because Martin has never had any sort of evidentiary hearing on his factual claims in either state or federal court, there is no record from the state habeas proceedings relevant to the issues before us.[3] Further, the actual transcript of Martin's trial has never been prepared. The only record that was available for the district court to consider in passing upon Martin's claim was a one-page transcript from Martin's sentencing hearing in state court on July 15,

---

**2.** The district court's brief Memorandum and Order made no mention of the ineffective assistance of counsel claim clearly implicit in Martin's *pro se* petition. Denial of relief was predicated upon rejection of Martin's constitutional claim and the finding that "[t]he record in this case reveals that Petitioner through his retained counsel waived his right to appeal in open court." Ever since *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), waiver of a fundamental constitutional safeguard may be found only when there has been "an intentional relinquishment or abandonment of a *known* right or privilege." (emphasis added). Thus, the waiver and ineffective assistance issues each turn in part upon the fact of Martin's knowledge. As we explain below, the record does not refute Martin's allegations that he was unaware of his appellate rights and was not advised of them. If these allegations are true, there could not possibly have been an intentional relinquishment or waiver of those rights. *See Craig v. Beto,* 458

F.2d 1131, 1136 (5th Cir.1972). It was therefore error for the district court to find a waiver without an evidentiary hearing.

**3.** Contrary to the assertion of the state on appeal, the rulings of the state courts denying Martin's habeas petitions are not entitled to a presumption of correctness under 28 U.S.C. § 2254(d) (1976). This presumption attaches only to "a determination after a hearing on the merits of a factual issue." *Id.* No such hearings were held and the record of the state court rulings evidences at most an unfavorable ultimate determination of the effective assistance issue. That determination is a mixed question of fact and law to which no presumption of correctness attaches. *Cuyler v. Sullivan, supra,* 446 U.S. at 341–42, 100 S.Ct. at 1714; *Washington v. Strickland,* 673 F.2d 879, 884 n. 1 (5th Cir.), *reh'g en banc granted,* 679 F.2d 23 (5th Cir.1982).

1977. In its entirety, that record reads as follows:

> THE COURT: Are you ready for sentencing at this time?
>
> MR. REEVES [Martin's trial counsel]: We are ready Your Honor.
>
> THE COURT: You, Glen [sic] Earl Martin, who was tried in this Court on the 13th day of June, A.D., 1977, I believe, and the Jury returned a verdict on the 27th day of June, A.D., 1977, convicting you of the offense of Capitol [sic] Murder and the penalty having been assessed by the Jury of Life in Prison.
>
> It is therefore the Order and Judgment of this Court that you will be taken by the Sheriff of this County and there safely kept until you can be conveyed to Huntsville, Texas there to serve the penalty set forth by the Jury, that of Life in Prison.
>
> MR. REEVES: I would like to, for the purpose of the record, explain to the Court that I have discussed with Mr. Martin his availability of an appeal and his rights to appeal. I am not employed to represent him in any such case and he has expressed and made known to me of his right that he has no desire to make an appeal in this case.
>
> We have nothing to do this morning as far as we are concerned except to accept sentence and we are making no appeal on it or excepting to the Court's ruling in any way.
>
> THE COURT: Okay. That's all.

This record is sufficiently consistent with Martin's factual allegations to merit an evidentiary hearing. He has never claimed that he did not know of the theoretical availability of an appeal. He admits that his counsel discussed an appeal with him and advised against it. Rather, his claim is that his counsel did not inform him during that discussion that he could appeal with appointed counsel if he could not afford a lawyer. His counsel's statement to the court that he was not employed to perfect an appeal, made in connection with his statement that Martin had no desire to appeal, is not inconsistent with the allegation that Martin had been led to believe an appeal was available only if he paid his counsel to prosecute it.

■ For the foregoing reasons, we reverse the judgment of the district court and remand for an evidentiary hearing. Of course, we express no opinion on the merits of Martin's claims; our remarks herein relate solely to the sufficiency of his pleadings. He bears the burden of proving his allegations at the hearing. *Baldwin v. Blackburn, supra,* 653 F.2d at 947.

## II. Failure of Trial Judge to Advise of Right to Appeal.

Martin's second argument is that his constitutional rights were abridged by the state trial court's failure to apprise him of his right to appeal with court-appointed counsel if he was indigent. The district court summarily rejected this claim relying upon the established Fifth Circuit rule that a state trial judge has no duty to advise a convicted defendant of his right to appeal with court-appointed counsel unless the court knows or should have known of the defendant's indigency and his desire to appeal. *See e.g. Malone v. Alabama,* 514 F.2d 77 (5th Cir.), *cert. denied,* 423 U.S. 990, 96 S.Ct. 403, 46 L.Ed.2d 309 (1975); *Collier v. Estelle,* 488 F.2d 929, 931–32 (5th Cir.1974). This rule was first announced in *Pate v. Holman,* 341 F.2d 764, *modified on other grounds,* 343 F.2d 546 (5th Cir.1965), in which the court reasoned that such knowledge is necessary for the requisite state action to be implicated in any deprivation of a defendant's appellate rights by his retained counsel.

We believe Martin has raised serious questions regarding the continued vitality of *Pate v. Holman* and its progeny after the Supreme Court's decision in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Martin argues that *Cuyler* rejected the state action theory upon which *Pate* was based and that this circuit should therefore abandon that decision and join other circuits which have held that the Constitution imposes a duty upon state trial judges to notify convicted defendants of

their right to appeal with court-appointed counsel when indigent. *See United States ex rel. Smith v. McMann,* 417 F.2d 648 (2d Cir.1969) (en banc), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970); *United States ex rel. Singleton v. Woods,* 440 F.2d 835 (7th Cir.1971); *but see United States ex rel. O'Brien v. Maroney,* 423 F.2d 865 (3d Cir.1970).

Because this claim raises serious questions which were not adequately addressed in the district court, and because we have found it necessary to remand for an evidentiary hearing on Martin's ineffective assistance claim, we do not believe we should reach the constitutional claim at this time. If Martin is able to establish on remand that he received ineffective assistance of counsel, the district court may afford him relief[4] without engaging in unnecessary constitutional adjudication. If, on the other hand, Martin is unable to carry his burden of proving ineffective assistance, the district court should carefully consider his constitutional arguments. If the state trial judge were held to have abridged Martin's rights by failing to advise him of his appellate rights, the burden of proof would rest upon the state to show harmless error beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In this situation, the state would have to show that Martin had been effectively apprised of his rights or had independent knowledge of them. Thus, on factual issues common to both the ineffective assistance and constitutional claims—such as the nature and extent of the advice given Martin by his trial counsel—the allocation of the burden of proof may well prove dispositive.

The judgment is reversed and the case is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

4. If Martin carries his burden at the evidentiary hearing, the court should order relief in the form of an out-of-time appeal by whatever procedure is appropriate under Texas law; if Texas does not allow an appeal, the district court may vacate Martin's conviction and order a new trial. *Thomas v. Beto,* 423 F.2d 642, 643 (5th Cir.1970).