William PINSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 13899.

Missouri Court of Appeals,
Southern District,
Division Three.

March 28, 1985.

Sidney T. Pearson, III, Sp. Asst. Public Defender, St. James, for appellant.

William L. Webster, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

William Pinson ("movant") appeals from a judgment denying his motion per Rule 27.26 [1] to vacate his conviction of rape, in the course of which he displayed a deadly weapon in a threatening manner, and his conviction of sodomy, in the course of which he displayed a deadly weapon. The victim of each offense was movant's mother. The offenses, each a class A felony, §§ 566.030.2 and 566.060.2, RSMo 1978,[2] were joined for trial, and a jury found movant guilty of both, assessing his punishment for each at life imprisonment. The trial court imposed those sentences, ordering that they run consecutively. That judgment was entered April 30, 1981, and no appeal was taken therefrom.

Movant filed a motion to vacate the judgment on October 19, 1981. An amended motion to vacate, prepared by appointed counsel, was filed February 22, 1984, and an evidentiary hearing on the amended mo-

---

1. Rule references are to Missouri Rules of Criminal Procedure (15th ed. 1984).

2. Each offense was alleged to have been committed November 2, 1979; therefore, the versions of §§ 566.030 and 566.060 that appeared in RSMo 1978 were the ones that applied.

tion was conducted by the circuit court June 6, 1984. That court filed findings of fact, conclusions of law and judgment denying the amended motion June 15, 1984. This appeal followed.

Although he asserted several grounds for relief below, movant assigns only one error here, i.e., the circuit court should have granted the motion to vacate because movant "did not have effective assistance of counsel at [the jury] trial, because no post-conviction motions were filed and no appeal was filed and perfected, even though [movant] requested that an appeal be filed, and [movant's] court-appointed attorney[3] refused or neglected to file post-conviction motions or notice of appeal."

Two witnesses testified at the evidentiary hearing: movant and the court-appointed attorney who represented him at the jury trial. We henceforth refer to that attorney as "defense counsel."

Pertinent to the assignment of error before us, the circuit court's findings include the following:

"That Movant did not tell his Court appointed attorney, [defense counsel], to perfect an appeal because Movant testified he only 'believed' he told his attorney to appeal and [defense counsel] testified that he and the Movant discussed an appeal but he had no recollection of Movant requesting an appeal.

. . . . .

That Movant did not contact the Court to have [defense counsel] or any other attorney appointed to represent Movant to attempt to file an appeal out of time.

. . . . .

That the motion filed for a transcript was not called up for a ruling by the Court; . . . .

That [defense counsel] exercised the customary skill and diligence of a reasonably competent attorney under similar circumstances."

The circuit court's findings and conclusions are presumed to be correct and are to be affirmed unless clearly erroneous. *Harkins v. State*, 494 S.W.2d 7, 12[1] (Mo. 1973); Rule 27.26(j). They are clearly erroneous only if upon review of the entire record this Court is left with the definite and firm impression that a mistake has been made. *Knight v. State*, 491 S.W.2d 282, 284[1] (Mo.1973); *Anderson v. State*, 487 S.W.2d 455, 460[3] (Mo.1972).

The record before us contains a "Motion for Court Records," evidently prepared by movant at the state penitentiary. That motion was received by the circuit clerk July 16, 1981, two and a half months after sentencing, and is apparently the motion for a transcript referred to in the circuit court's findings. The motion states, *inter alia:* "That in order for the movant to file a *27.26* under Missouri rules of procedure, movant request [sic] the below listed Documents." (Emphasis added). Among the documents requested is: "Complete transcript of the proceeding in Circuit Court." Nothing in the motion indicates that the purpose of the transcript is for an appeal (which would have been untimely when such motion was received).

The next after-trial activity by movant was a letter to defense counsel, which, according to movant, was sent "along towards the last of the year, last of '81." That letter was not produced at the circuit court hearing, nor was its content otherwise established. Asked what defense counsel's response was to the letter, movant testified, "Well, he said if I wanted him as my lawyer that he would have to be reappointed and then he would send me the papers, necessary papers for a 27.26."

Defense counsel was asked about the content of the letter, whereupon this colloquy occurred:

"A. I don't recall exactly, but it was sometime after the sentencing, and I believe that I did tell him at that time that if he wanted me to represent him that I would have to be reappointed. Now I do recall also that after the sentence, he did

---

3. The attorney who represented movant at the hearing on the amended motion to vacate is not the attorney who represented movant at the jury trial.

ask for a transcript and I recall requesting the Court for a transcript.

Q. Was that transcript ever given?

A. No.

THE COURT: Was there any ruling? The Court doesn't understand, because it's always been the policy of this Court to supply a transcript. It takes the Reporter a while to get them out. Was that the problem, or does anyone recall?

[DEFENSE COUNSEL]: I don't really recall. I do recall Mr. Pinson asking at the sentencing, after the sentencing I asked Mr. Pinson if there was anything else. He said he would like a transcript. *He did not ask me to appeal or file any Motion for a New Trial,* and I did ask the Court for a transcript and the Court denied the request." (Emphasis added).

Defense counsel's recollection about the court's denial was at odds with the court record, which showed no denial of a request for a transcript. Indeed, on March 1, 1982, counsel appointed to represent movant in the 27.26 proceeding presented a request for a transcript to the circuit court, and the court ordered the official court reporter to prepare one. Whether that request was the one sent by movant in July of 1981 or a later request is unclear. In any event, a transcript was prepared and furnished to movant for use during the 27.26 proceeding.

On the issue whether movant ever expressed to defense counsel a desire to appeal, movant testified that before trial he told defense counsel that if he was found guilty he wanted to appeal, "to take it as far as I had to legally, or could." Movant added that he "assumed" defense counsel would do so. Asked whether he indicated to defense counsel that he wanted to appeal after the convictions, movant recalled only the letter previously mentioned. During movant's direct examination, we find this:

"Q. Okay, and after your sentencing did you discuss with him, appeal?

A. No."

On movant's cross-examination, this:

"Q. Now Mr. Pinson, you indicated one of your two complaints with [defense counsel] is he didn't file an appeal. I believe in your [direct] testimony ... you stated you believed you told [defense counsel] to appeal, but you aren't sure. Is that a correct statement?

A. Yes, it's been sometime."

In defense counsel's testimony, the following appears:

"Q. During these six or so conversations you had with Mr. Pinson prior to his trial, did you ever discuss the subject of appeal?

A. We discussed all of the possibilities.

Q. Did he indicate to you during those conversations that if he was found guilty at his trial that he would desire you to file an appeal for him?

A. I don't recall him ever requesting that, or indicating that either."

Additionally, as observed *supra,* defense counsel testified that after the sentencing, movant did not ask him to appeal or to file a motion for a new trial.

■■■ If a defendant desires to appeal his conviction and his court-appointed counsel, without explanation, fails to take the proper and necessary steps to perfect the appeal, such extraordinary inattention to the client's interests amounts to ineffective assistance of counsel cognizable on motion to vacate. *Green v. State,* 451 S.W.2d 82, 85[2] (Mo.1970). However, the mere failure to take an appeal does not constitute ineffective assistance of counsel; only where the defendant wishes to appeal and his attorney either refuses or negligently fails to take the proper steps to appeal is there ineffective assistance of counsel. *Brown v. State,* 512 S.W.2d 404, 408[9] (Mo.App.1974). It is implicit in this rule of law that the desire to appeal must have been communicated to counsel or otherwise understood by him. *Sampson v. State,* 570 S.W.2d 337, 338[1] (Mo.App.1978).

Movant's assignment of error makes it clear that his complaint against defense counsel is that he (movant) *requested that*

*an appeal be filed* but defense counsel failed to file "post-conviction motions" or a notice of appeal. Movant does not charge defense counsel with ineffective assistance for failure to advise movant of any after-trial rights or appellate procedures, and nothing in movant's amended motion to vacate or his testimony suggests that he was unaware that those steps were available to him. As no issue of that nature was before the circuit court, no findings on the subject were required or made.

The circuit court, confining its attention to the issues before it, found, as noted earlier, that movant did not tell defense counsel to appeal, nor did movant request that counsel be appointed for that purpose or that he be granted leave to appeal out of time under Rule 30.03.

■ In determining whether these findings are clearly erroneous, we observe that movant's testimony regarding whether he informed defense counsel that he wanted to appeal is vague and, to some degree, self-contradictory. In contrast, defense counsel testified that after the sentencing, movant did not ask him to appeal or to file a motion for a new trial. Additionally, defense counsel did not recall movant ever requesting that an appeal be filed or indicating that he wanted one filed.

Movant's written request for a transcript in July, 1981, stated the transcript was needed in order for movant to file a "27.26." That request came long after the deadline for filing a notice of appeal, and it manifests an intent to file a proceeding under Rule 27.26, not an appeal. Moreover, there was no showing that defense counsel ever learned of the request. Movant's letter to defense counsel late in 1981 was, from what appears in the record, an inquiry whether defense counsel would represent movant in a Rule 27.26 proceeding, not an appeal.

None of the evidence reviewed in the two preceding paragraphs affords any basis for disturbing the circuit court's decision.

The item of evidence most favorable to movant is defense counsel's testimony that movant, after the sentencing, said he would like a transcript. Defense counsel was not asked what inference, if any, he drew from this request, but defense counsel must not have viewed the request as an indication that movant wanted to appeal, as defense counsel testified he did not recall movant ever indicating that he wanted an appeal filed.

Curiously, movant, in his testimony, did not mention any verbal request to defense counsel for a transcript. It seems logical to assume that if movant had indeed told defense counsel he wanted a transcript, and had movant's purpose been to appeal, movant would have so testified. The record, however, is barren of any such testimony. Furthermore, movant does not argue here that defense counsel should have construed the request as a directive to appeal.

■ Bearing in mind that it was movant's burden to establish his grounds for relief by a preponderance of the evidence, *State v. Bradley,* 618 S.W.2d 206, 208[4] (Mo.App.1981); *Careaga v. State,* 613 S.W.2d 863, 867[1] (Mo.App.1981); Rule 27.26(f), and that the credibility of the witnesses was for the circuit court, not us, to determine, *Miller v. State,* 615 S.W.2d 624, 625[3] (Mo.App.1981); *Vincent v. State,* 607 S.W.2d 815, 816[3] (Mo.App.1980), we cannot, on this record, brand the circuit court's denial of relief as clearly erroneous.

Whether movant in fact desired to appeal, and whether that desire was communicated to defense counsel or otherwise understood by him, were fact issues for the circuit court to resolve. The circuit court resolved them adversely to movant. We must give due regard to the circuit court's opportunity to hear witnesses, deferring to its assessment of credibility unless it clearly and convincingly appears that the circuit court has abused its discretion. *Ladd v. State,* 621 S.W.2d 543, 544[2] (Mo.App. 1981); *Tyler v. State,* 588 S.W.2d 3, 4[1] (Mo.App.1979). According the circuit court the deference to which its determination of credibility is entitled, and finding no abuse

of discretion, we deny movant's assignment of error.

Judgment affirmed.

PREWITT, C.J., and TITUS, FLANIGAN and MAUS, JJ., concur.