William PINSON, Appellant,

v.

Terry MORRIS, Appellee.

No. 86–2157.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1987.

Decided Oct. 5, 1987.
Rehearing and Rehearing En Banc
Denied Dec. 15, 1987.

Suzanne Philbrick, Oaklawn, Ill., for appellant.

Jeffrey Dix, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

ARNOLD, Circuit Judge.

William Pinson, an inmate of the Missouri Department of Corrections, brought this case for habeas corpus relief under 28 U.S.C. § 2254. On a recommendation of a United States Magistrate,[1] the District Court[2] denied the petition, and Pinson appeals. After granting his application for a certificate of probable cause, we appointed counsel and set the case for oral argument. We now affirm.

## I.

In April of 1981 Pinson was convicted by a jury in the Circuit Court of Crawford County, Missouri, of rape and sodomy. The victim of both of the alleged crimes was Pinson's mother, and she testified at the trial. Pinson was sentenced to two consecutive life terms. Petitioner argues that this sentence violated the Double Jeopardy Clause of the Fifth Amendment, as incorporated against the states by the Due Process Clause of the Fourteenth Amendment. He also argues that the sentence was so severe as to amount to cruel and unusual punishment in violation of the Eighth Amendment, which is likewise applicable to the states by virtue of the Fourteenth Amendment's Due Process Clause.

■ Judge Noce's recommended disposition, adopted by the District Court, fully answers these arguments. Under Missouri law, the crimes of rape and sodomy are distinct. See Mo.Rev.Stat. §§ 566.030, 566.060. Sodomy consists of "deviate sexual intercourse," as defined by the statute, Mo.Rev.Stat. § 566.010, while rape does not.

■ Nor are the sentences excessive in a constitutional sense. The state is well within its rights, so far as the federal Constitution is concerned, in regarding the crimes of rape and forcible sodomy as deserving of special and severe condemnation. If sodomy were the only charge, a different question, to say the least, might be raised by a life sentence, but here Pinson is under a life sentence for rape in any event, and the particular kind of sodomy—with a family member—is a clear aggravating factor.

## II.

■ Pinson did not file a direct appeal of his convictions, and this fact gives rise to his remaining contention. The trial court, he argues, should have advised him that he had a right to appeal. We cannot agree that the federal Constitution requires any such procedure. Mo.R.Crim.P. 29.-07(b)(3) does require a trial court to advise a convicted defendant who has pleaded not guilty of his right to appeal, but whether that rule was violated is purely a question of state law, not a federal constitutional issue suitable for review on habeas corpus. Indeed, the federal Constitution, of its own force, does not even require that states afford appellate review of criminal convictions. *E.g., Estelle v. Dorrough,* 420 U.S. 534, 536, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975) (per curiam).

■ Pinson also argues that he asked his court-appointed attorney to file an appeal, and that the attorney ignored this request. (The very making of this claim, of course, necessarily admits that Pinson knew he had a right to appeal, which is an additional reason for rejecting his claim that the trial court should have advised him of this

---

1. The Hon. David D. Noce, United States Magistrate for the Eastern District of Missouri.

2. The Hon. Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

right.) The difficulty with this argument is that the state courts have found, after an evidentiary hearing, that Pinson made no such request of his lawyer. This is a finding of pure historical fact, and we are obliged to presume its correctness unless Pinson can persuade us that one of the exceptions to the presumption set forth in 28 U.S.C. § 2254(d) applies. Such findings, for example, are not presumed correct if they are not fairly supported by the record of the state-court proceeding. 28 U.S.C. § 2254(d)(8).

▮ Following his conviction and the failure to perfect a direct appeal, Pinson brought a post-conviction proceeding under Mo.Sup.Ct.R. 27.26, the customary post-conviction remedy in the Missouri state courts. The Circuit Court of Crawford County appointed counsel to represent Pinson and held an evidentiary hearing. Pinson and his court-appointed trial lawyer were the only witnesses at this hearing. Pinson's testimony was somewhat imprecise, but he apparently did insist that at various points during the proceeding (though perhaps not after the verdict of guilty was returned) he indicated a desire to appeal in the event of conviction. Counsel, on the other hand, did not recall any such request, and testified specifically that "after the sentencing I asked Mr. Pinson if there was anything else ... He did not ask me to appeal...." Tr. 35–36, quoted in *Pinson v. State*, 688 S.W.2d 783, 785 (Mo. App.1985).

After hearing this conflicting evidence, the trial court found as a fact "[t]hat movant did not tell his court appointed attorney ... to perfect an appeal...." See 688 S.W.2d at 784. Collateral relief was therefore denied by the state trial court. Pinson, still represented by court-appointed counsel, appealed, and the Court of Appeals of Missouri, Southern District, Division III, affirmed. *Pinson v. State, supra.* The appellate court held that the trial court's finding that Pinson had never requested that his lawyer appeal was not clearly erroneous.

The Missouri Court of Appeals, in a unanimous opinion written by Presiding Judge Crow, reasoned in substance as follows:

In determining whether these findings are clearly erroneous, we observe that movant's testimony regarding whether he informed defense counsel that he wanted to appeal is vague and, to some degree, self-contradictory. In contrast, defense counsel testified that after the sentencing, movant did not ask him to appeal or to file a motion for a new trial. Additionally, defense counsel did not recall movant ever requesting that an appeal be filed or indicating that he wanted one filed.

\* \* \* \* \* \*

Bearing in mind that it was movant's burden to establish his grounds for relief by a preponderance of the evidence, and that the credibility of the witnesses was for the circuit court, not us, to determine, we cannot, on this record, brand the circuit court's denial of relief as clearly erroneous.

688 S.W.2d at 786 (citations omitted).

Thus, a finding of fact to the effect that no request for an appeal was ever made has been made by the state trial court in the post-conviction proceeding and affirmed by the state appellate court. Such a finding is entitled to deference here unless we can say that it is not fairly supported by the record. Having examined the transcript of the hearing in the 27.26 proceeding, we are unable to make such a statement. As Judge Noce stated below: "Although the record is somewhat ambiguous, the finding of the Missouri courts is fairly supported by the record." *Pinson v. Morris*, No. 85–2266 C(5), slip op. 6 (E.D.Mo., Report and Recommendation filed June 30, 1986).

It might be desirable for the Missouri courts to lay down bright-line rules with respect to the conduct of court-appointed counsel in this sort of situation. These choices, however, are for the state, not for us. Here, appellant's own claim that he notified his lawyer that he wished to appeal necessarily means that he knew that the Missouri statutes afforded him such a right. And the state trial court's finding rejecting this testimony as a matter of fact is, on the basis of the record made before that court, entitled to credence in this federal habeas corpus proceeding.

Accordingly, the judgment of the District Court, denying the petition for writ of habeas corpus, must be and is

Affirmed.

HENLEY, Senior Circuit Judge, concurring in part and dissenting in part.

I concur in Part I of the panel's opinion. For the reasons stated below, I am compelled to dissent from Part II of the opinion.

I agree that we are bound by the state court's finding that Pinson did not explicitly request his trial attorney to file an appeal. However, the majority's reliance on this nonexistent request by Pinson to arrive at the conclusion that Pinson did have knowledge of the right to appeal, at 898, is, to me, somewhat incongruous. Nevertheless, Pinson does admit in his brief that he had a generalized knowledge of the appellate process. Thus, one point of departure I have with the panel's opinion is whether the state has an obligation under the federal Constitution to make *explicit* to a criminal defendant his appellate rights.

The panel's opinion summarily and without citation dispatches Pinson's claim that the federal Constitution requires the state trial court to advise a criminal defendant of his right to appeal. Contrary to the panel's conclusion, at least three circuits have found such a right to exist when the defendant is indigent, as is Pinson.

> [T]he trial judge should ... advise[ ] petitioner of his right to appeal and, as a constitutional corollary, his right to court-appointed counsel on appeal if he is indigent. Failure to give such advice violate[s] petitioner's right to equal protection under the fourteenth amendment and his sixth amendment right to counsel, incorporated through the due process clause of the fourteenth amendment.

*United States v. Woods,* 440 F.2d 835, 836 (7th Cir.1971); *see Lovelace v. Haskins,* 474 F.2d 1254, 1255–56 (6th Cir.1973);

*United States v. McMann,* 417 F.2d 648, 654–55 (2d Cir.1969) (en banc), *cert. denied,* 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed.2d 105 (1970). And Missouri has seen fit to hedge against possible claims of ignorance of right to appeal by requiring its trial courts to advise certain convicted defendants of their appellate rights. Mo.R.Crim.P. 29.-07(b)(3).

Yet the district court, in the case at bar, concluded that Pinson must first have advised the trial court of his desire to appeal and his indigent status before the state court would have any obligation to protect his appellate rights. The line of authority relied upon for this proposition, *Scarborough v. Wainwright,* 404 F.2d 318 (5th Cir.1968), has been called into question. *See Martin v. Texas,* 694 F.2d 423, 426–27 (5th Cir.1982). *Martin* at least suggests that the Constitution may impose a duty upon "state trial judges to notify convicted defendants of their right to appeal with court-appointed counsel when indigent." *Id.*[1]

I do not contend that the *Woods, Lovelace* and *McMann* position is an unassailable one. I do, however, object to the short shrift Pinson's argument received, particularly when it appears to be one which has received little, if any, consideration in this Circuit and one which has received acceptance by other circuits.

Moreover, I am unwilling to reach any constitutional issue presented until the district court has had an opportunity to hold further hearings and come to a new judgment in light of a more complete factual and legal presentation. The record reflects that appellant had not one appointed attorney in the trial court, but at least two, was represented by a Special Assistant Public Defender in his state post-conviction proceeding under Rule 27.26 and by still another appointed attorney to handle the present appeal. Available briefs and transcripts clearly reflect not only that the sentencing judge did not comply with Mo.R.Crim.P. 29.07 but also that noncompliance with that

---

1. *Martin* suggests that the more appropriate ground for habeas relief when an indigent defendant does not receive adequate notice of his appellate rights is ineffective assistance of counsel. *Martin,* 694 F.2d at 427. Because Pinson failed to exhaust his available state remedies on his ineffective assistance of counsel claim, Pinson waived that claim in order for his federal habeas petition to proceed.

rule was not even mentioned at the sentence hearing, at the post-conviction proceeding or at the habeas proceeding before the United States magistrate. Indeed, we are assured by appellate counsel on both sides that no Missouri rule or statute required that appellant be advised of his right to appeal. The magistrate so found and evidently came to his factual and legal conclusions utterly unaware of Missouri Rule 29.07(b)(3). *See Thompson v. Black,* 320 F.Supp. 593, 594–95 (E.D.Ky.1971) (failure to advise a criminal defendant of his right to appeal as mandated by a state rule of criminal procedure may be cause for federal habeas corpus relief).

I would remand for further factual inquiry on a more complete record with new conclusions on relevant issues made in light of Missouri's rules and a new judgment. In the course of the proceedings on remand I would leave it open to the court to consider as well the question of the legal effectiveness of Pinson's attempted waiver of his claim concerning ineffective assistance of counsel.

Therefore, I respectfully dissent from Part II of the panel's opinion and from affirmance of the district court's judgment.