**Kenneth J. NOVAK, Appellant,**

v.

**James PURKETT, Superintendent, Farmington Correctional Center, Appellee.**

No. 92–3490.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1993.

Decided Sept. 8, 1993.

Rehearing Denied Oct. 8, 1993.

Neil J. Maune, St. Louis, MO, argued, for appellant.

Frank A. Jung, Asst. Atty. Gen., Jefferson City, MO, argued, for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Kenneth Novak appeals the district court's [1] denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.

## I. BACKGROUND

Novak is serving a ten-year sentence for the 1981 kidnapping of his estranged wife. After a Missouri bench trial, Novak was convicted of the kidnapping. However, the trial court suspended Novak's sentencing and placed him on probation. At that time, under Missouri law, there was no final judgment from which Novak could appeal. *No-*

---

**1.** The Honorable Jean C. Hamilton, Judge for the United States District Court of the Eastern District of Missouri.

*vak v. State,* 787 S.W.2d 791, 792 (Mo.Ct.App. 1990). In 1984, Novak violated his probation and the trial court sentenced him to ten years on the kidnapping conviction, but it suspended execution of that sentence and again placed Novak on probation. The imposition of sentence rendered the kidnapping conviction a final and appealable judgment. *Id.* Novak did not appeal.

In 1987, Novak again violated the terms of his probation and the trial court ordered him to begin serving his kidnapping sentence. In October of 1987, Novak filed for Missouri post-conviction relief. After an evidentiary hearing, the Missouri motion court denied relief. Novak appealed to the Missouri Court of Appeals, alleging: 1) that the trial court's failure to inform him of either his right to appeal or of his right to appointed counsel violated Missouri Rule of Criminal Procedure 29.07(b)(3) and the United States Constitution; 2) that trial counsel was ineffective for not informing him of his right to appeal; and 3) that trial counsel violated his right to testify in his own defense by preventing him from testifying. The Missouri Court of Appeals rejected his claims.

Novak then filed a 28 U.S.C. § 2254 petition for habeas corpus relief. He again alleged: 1) that the Missouri trial court's failure to inform him of his appellate rights violated his Sixth and Fourteenth Amendment rights; 2) that trial counsel was ineffective for the same shortcoming; and 3) that trial counsel was ineffective for failing to call him as a witness. He further alleged that trial counsel was ineffective for failing to call other witnesses on his behalf and that the Missouri courts applied an incorrect standard to his Missouri post-conviction motion. Novak's claims were heard by a magistrate judge,[2] who recommended that his petition be denied. Novak did not object to the magistrate's recommendation. After a *de novo* review, the district court accepted the magistrate's recommendation and denied Novak's petition.

On appeal, Novak argues that the district court erred in denying four of his asserted grounds for habeas relief.

## II. DISCUSSION

Novak's first claim is based on the Missouri trial court's failure to inform him of his right to appeal and of his right to appointed appellate counsel, as required by Missouri Rule of Criminal Procedure 29.07(b)(3).[3] He alleges that this lapse violated his Fourteenth Amendment right to equal protection and his Sixth Amendment right to counsel. In making his argument, Novak ignores the factual findings of the Missouri state court and proceeds on the premise that he was ignorant of his appellate rights. However, after an evidentiary hearing, the Missouri state courts found to the contrary. The courts found that Novak's retained counsel informed him of his right to appeal after the imposition of his sentence, and that Novak knew of his right to appointed counsel on appeal. *Novak,* 787 S.W.2d at 792, 794. The magistrate judge concluded that the state court findings were supported by the hearing record, and Novak did not object to that conclusion. Novak does not argue on appeal that the hearings were inadequate or that the state court findings of fact are not supported by the record. We must presume factual findings of a state court to be correct when they are supported by a record made after an adequate hearing. 28 U.S.C. 2254(d); *Crespo v. Armontrout,* 818 F.2d 684, 686 (8th Cir.), *cert. denied,* 484 U.S. 978, 108 S.Ct. 492, 98 L.Ed.2d 490 (1987). Novak has made no attempt to rebut that presumption, and it does not otherwise appear that the hearing or findings of fact are inadequate. *See Novak v. Purkett,* No. 90–2119–C(7), Magistrate's Report and Recommendation at 3 (Sept. 21, 1992). We are, therefore, bound by the factual findings of the Missouri Court

---

2. The Honorable Carol E. Jackson, now United States District Judge for the Eastern District of Missouri.

3. Missouri Rule of Criminal Procedure 29.-07(b)(3) reads:

*Notification of Right to Appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and the right of a defendant who is unable to pay the cost of the appeal to apply for leave to appeal in forma pauperis.

of Appeals. 28 U.S.C. 2254(d); *Sumner v. Mata,* 449 U.S. 539, 545–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981). The state court further found that Novak forewent his appeal because he thought he could successfully abide by the terms of his probation. It is within this factual scenario that we address Novak's constitutional claims.

Whether the Missouri trial court violated Missouri Rule of Criminal Procedure 29.-07(b)(3) by failing to inform Novak of his rights to appeal and to appointed counsel on appeal is purely a question of state law. The Missouri court found that the rule was satisfied because Novak's attorney had informed him of his right to appeal and because Novak already knew of his right to appointed appellate counsel. The court also held that, but for those facts, a failure to inform a defendant of his appellate rights would result in a remand to the trial court for reentry of judgment to enable a defendant to perfect his appeal. We do not sit in habeas to review errors of state law, and even if we did, we would be bound by the Missouri court's interpretation of its own law.

■ Thus, the constitutional question in this case is limited to whether a defendant who is informed of his appellate rights by his attorney, or who has independent actual knowledge of those rights, has a Fourteenth or Sixth Amendment right to be separately informed of those rights by the trial court. In examining this question, we must defer to *Pinson v. Morris,* 830 F.2d 896 (8th Cir. 1987), *cert. denied,* 488 U.S. 829, 109 S.Ct. 83, 102 L.Ed.2d 59 (1988). *Pinson* involved an indigent defendant, represented by appointed counsel, who knew of his right to appeal, but who complained that the trial court committed an error of constitutional magnitude when it failed to inform him of his appellate rights as required by Missouri Rule of Criminal Procedure 29.07(b)(3). In *Pinson,* we held that Missouri Rule of Criminal Procedure 29.07(b)(3) was not a constitutionally required procedure. *Id.* 830 F.2d at 897. We did not directly consider in *Pinson* whether either the Fourteenth Amendment equal protection clause or the Sixth Amendment right to counsel requires that a defendant who is ignorant of his appellate rights,

and who is not informed of those rights by either his attorney or the court, be afforded an opportunity to perfect his appeal. Since the Missouri state court here found that Novak did know of his appellate rights, we do not determine what, if any, constitutional rights might be implicated by such a situation.

The only difference between the *Pinson* case and the case before us is that Pinson was represented by appointed trial counsel, and Novak was represented by retained trial counsel. We cannot see how this discrepancy can justify a different result. Novak's knowledge of his right to appeal and his right to appointed counsel if indigent, moot any possible equal protection or Sixth Amendment claims arising under any violation of Missouri Rule of Criminal Procedure 29.-07(b)(3).

Novak's second claim is that his counsel did fail to inform him of his appellate rights and was therefore constitutionally ineffective. The Sixth Amendment right to assistance of counsel applies to the states through the due process clause of the Fourteenth Amendment. *See Strickland v. Washington,* 466 U.S. 668, 684–85, 104 S.Ct. 2052, 2062–63, 80 L.Ed.2d 674 (1984). Such assistance must be effective to be constitutionally sufficient. *Id.* at 685, 104 S.Ct. at 2063. A defendant is denied effective assistance of counsel where counsel's performance is deficient, if that deficient performance prejudices the defendant to the extent that the adversarial process is rendered unreliable. *Id.* at 687, 104 S.Ct. at 2064; *Lockhart v. Fretwell,* —— U.S. ——, ——, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180 (1993). Trial counsel's failure to inform a defendant of his or her appellate rights may well form the basis for an ineffective assistance claim. However, since the Missouri courts found that Novak's counsel did inform him of his right to appeal, that Novak knew of his right to appointed appellate counsel, and that Novak intentionally forewent his appeal because he was sure he could abide by the terms of his probation, there can be no ineffective assistance claim here. As noted above, we must presume these state court findings of fact to be correct in the absence of any attack by Novak. These findings are fatal to Novak's ineffectiveness claim. Counsel did not perform deficiently because he

informed Novak of his right to appeal. Further, even if counsel failed to tell Novak that he had the right to appointed counsel on appeal, Novak cannot show any prejudice because he had actual knowledge of that right and chose not to exercise it.

 Novak makes two further ineffectiveness claims: counsel was ineffective for failing to call third-party witnesses, and counsel was ineffective for failing to call Novak as a witness. The district court found Novak's third-party witness claim to be procedurally barred because he did not raise it in state court, and he did not make any showing of cause and prejudice, or of actual innocence, to excuse the procedural bar. *Novak v. Purkett,* No. 90–2119–C(7), Magistrate's Report and Recommendation at 4–5 (Sept. 21, 1992). Novak does not address the procedural bar on appeal, and argues only the merits of his claim. Because Novak did not raise his counsel's failure to call third-party witnesses in state court, and makes no allegations of cause, prejudice, or actual innocence, we affirm the district court's decision that this claim is procedurally barred and decline to consider it. *See Murray v. Carrier,* 477 U.S. 478, 485, 496, 106 S.Ct. 2639, 2643, 2649, 91 L.Ed.2d 397 (1986).

Novak's last ineffectiveness claim turns on whether trial counsel was ineffective for failing to call Novak himself to the stand. The Missouri court found that trial counsel advised Novak against taking the stand because he had a prior conviction involving a crime against the same victim and because of trial counsel's assessment of Novak's emotional state. Again, Novak does not attack the state court's factual findings, so we presume them to be correct. Faced with the facts recited above, Novak's counsel's strategy was not deficient performance. *See Strickland,* 466 U.S. at 688–689, 104 S.Ct. at 2064–65. We therefore find that the district court properly denied relief on this claim as well.

### III. CONCLUSION

For the reasons stated above, we affirm the district court's judgment in all respects.