17-3350 (L)
*United States v. Sadler/Brown*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand nineteen.

PRESENT:   BARRINGTON D. PARKER,
           PETER W. HALL,
           CHRISTOPHER F. DRONEY,
                       *Circuit Judges*.

_____

United States of America,

                    *Appellee*,

                    v.                                        Nos. 17-3350, 17-3368

Isiah Sadler, AKA Ike, Anthony Brown, AKA Mus,

                    *Defendants-Appellants*,

Renee Belardo, AKA Tash, Tyriek Hankins, AKA Teezy, Ronald Jackson, AKA G.O., AKA God, AKA Gotti, Anthony Keitt, AKA Dugz, Dimas Perez, AKA Ati, Rafael Perez, AKA Ralphie, Cherena Swain, AKA Reenie, Michael Vailes, AKA Bulle,

                    *Defendants*.

_____

For Appellant Isiah Sadler:                Paul Camarena, North & Sedgwick Law, Chicago,
                                           Illinois

For Appellant Anthony Brown:         Robert J. Boyle, New York, New York

For Appellee:         Kevin Trowel, Andrey Spektor, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York

Appeal from judgments of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that counsel's motion to withdraw, the government's motion to dismiss, and the government's motion as construed as a motion for summary affirmance are **GRANTED** with respect to Appellant Isiah Sadler, and that the judgment of the district court is **AFFIRMED** as to Appellant Anthony Brown.

This consolidated appeal involves the sentencing of Defendants-Appellants Isiah Sadler and Anthony Brown. On October 10, 2017, the district court entered judgment sentencing Sadler to 168 months' imprisonment for his conviction for conspiracy to distribute controlled substances. On October 11, 2017, the district court entered judgment sentencing Brown to concurrent terms of 168 months' imprisonment on each of two convictions for conspiracy to distribute controlled substances in the Eastern District of New York and in the District of Maine, and imposing a consecutive sentence of 24 months' imprisonment for Brown's conviction for aggravated identity theft. Brown has submitted a counseled brief challenging the procedural and substantive reasonableness of his sentence as well as a *pro se* reply brief. Sadler's attorney Paul Camarena moves to be relieved as counsel pursuant to *Anders v. California*, 386 U.S 738 (1967), and the government moves to dismiss Sadler's appeal based on an appeal waiver in his plea agreement,

which we construe as a motion for summary affirmance.  *See United States v. Monsalve*, 388 F.3d 71, 72 (2d Cir. 2004) (*per curiam*).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The *Anders* doctrine permits "court-appointed appellate counsel [to] move to be relieved from his or her duties if 'counsel is convinced, after conscientious investigation, that the appeal is frivolous.'"  *United States v. Arrous*, 320 F.3d 355, 358 (2d Cir. 2003) (quoting *Anders*, 386 U.S. at 741).  "This Court will not grant a so-called *Anders* motion unless it is satisfied that (1) 'counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal,' and (2) 'defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct.'"  *Id.* (quoting *United States v. Burnett*, 989 F.2d 100, 103 (2d Cir. 1993)).

Sadler pleaded guilty pursuant to a plea agreement in which he waived his right "to file an appeal or otherwise challenge, . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 235 months or below."  Appellee's Mot. to Dismiss, Ex. 1 ¶ 4.  A waiver that is "knowingly, voluntarily, and competently provided by the defendant" will be upheld.  *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000).  Sadler is therefore precluded from appealing his conviction or term of imprisonment.  Sadler is free to challenge his term of supervised release, forfeiture, or special assessment, but these do not present any non-frivolous grounds for an appeal.  Accordingly, counsel's motion to be relieved and the government's motion to dismiss Sadler's appeal are granted.

As for Brown's procedural challenge to his sentence, Brown argues that his prior convictions do not give rise to Career Offender status under U.S.S.G. § 4B1.1 and that the district court thus improperly calculated his Guidelines Range.  Brown acknowledges that our review is

3

for plain error, however, given his failure to object to the classification before the district court. "Under plain error review, the court must first find an obvious error that affects substantial rights. Then, the court may use its discretion to correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (*per curiam*) (internal citation and quotation marks omitted). Brown's counseled opening brief argues that his prior assault conviction is not a "crime of violence" under the Guidelines while his *pro se* reply brief raises a new argument that his prior narcotics conviction is not a "controlled substance offense."

With respect to the assault conviction, Brown was convicted under N.Y. Penal Law § 120.05(2), the violation of which this Court has held categorically constitutes a "crime of violence." *See United States v. Walker*, 442 F.3d 787, 788–89 (2d Cir. 2006) (*per curiam*) (holding that N.Y. Penal Law § 120.05(2) is categorically a "violent felony" under the Armed Career Criminal Act ("ACCA")).[1] Brown nonetheless argues that the district court committed procedural error by relying solely on information recited in the Presentence Report ("PSR") to determine the basis for Brown's assault conviction, in violation of its obligation under *Shepard v. United States*, 544 U.S. 13 (2005). The PSR, however, notes that Brown's assault charge was verified by the New York State Certificate of Disposition, which is a *Shepard*-approved document that "a federal district court may consider in an effort to determine the nature of the New York offense to which a federal defendant has previously pleaded guilty." *United States v. Green*, 480

---

[1] "[C]ases interpreting the ACCA's definition of 'violent felony' are highly persuasive in interpreting the Guidelines' definition of 'crime of violence'" as the two definitions "are identical in all material respects." *United States v. Reyes*, 691 F.3d 453, 458 n.1 (2d Cir. 2012) (*per curiam*).

4

F.3d 627, 633 (2d Cir. 2007). It is unclear from the record whether the district court actually examined the Certificate of Disposition or merely relied on the PSR's reference to it; if the latter, our Court has reserved decision on the question of whether such reliance is permissible in rendering a sentencing determination based on a prior conviction, consistent with *Shepard*. *See United States v. Dantzler*, 771 F.3d 137, 147 (2d Cir. 2014) (declining to decide whether district court was entitled to rely "upon a PSR that was derived in whole, or in large part, from . . . *Shepard*-approved materials" but holding that district court committed plain error in relying on materials not authorized by *Shepard.*). Because "[w]e typically do not find plain error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court," *United States v. Bastian*, 770 F.3d 212, 220 (2d Cir. 2014) (internal quotation marks omitted), the district court did not plainly err in relying on the PSR to conclude that Brown was convicted under subsection (2) of N.Y. Penal Law § 120.05 and that such conviction constitutes a crime of violence.[2]

Brown's new argument, raised in his *pro se* reply brief, submits that his prior conviction for criminal sale of a controlled substance in the third-degree is not a "controlled substance offense" within the meaning of the Career Offender Guidelines. He relies on *United States v. Townsend*, 897 F.3d 66, 74 (2d Cir. 2018), where this Court held that "controlled substance" in U.S.S.G. § 4B1.2(b) refers exclusively to drugs listed under the Controlled Substances Act ("CSA"), thus precluding a state statute that "sweeps more broadly than its federal counterpart" from serving as the basis for a predicate offense. *Townsend*, however, is inapposite, as there the

---

[2] We have, moreover, independently reviewed the Certificate of Disposition provided by the government for Brown's assault conviction, thus obviating the need for a remand on this discrete issue.

5

defendant's prior conviction at issue was obtained under a different statute that criminalized the knowing and unlawful sale of "a controlled substance." *See id.* (citing N.Y. Penal Law § 220.31). Brown, by contrast, was convicted for the criminal sale of a "narcotic drug" (*i.e.*, cocaine) under N.Y. Penal Law § 220.39(1), which is defined more narrowly. The meaning of "narcotic drug" is found in N.Y. Penal Law § 220.00(7), which has been defined since Brown's 2002 disposition as "any controlled substance listed in schedule I(b), I(c), II(b) or II(c) other than methadone." The government has submitted an addendum identifying the list of substances that were on the relevant New York schedules—*i.e.*, I(b), I(c), II(b), and II(c)—at the time of Brown's conviction, which correlate with the CSA schedules listed at 21 C.F.R. §§ 1308.11(b) and (c) and 1308.12(b) and (c), respectively. Because every substance that is criminalized by New York schedules I(b), I(c), II(b), and II(c) appears on the federal schedules, construing Brown's prior conviction as a "controlled substance offense" for purposes of the Career Offender Guidelines does not run afoul of the rule announced in *Townsend* and certainly does not constitute plain error.

Finally, Brown also challenges the substantive reasonableness of his sentence. This Court must "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Our "substantive reasonableness review is intended to 'provide a backstop' against sentences that are 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law.' . . . [It] is not an opportunity for 'tinkering' with sentences we disagree with, and . . . we place 'great trust' in sentencing courts." *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d. Cir. 2009)).

6

Brown was sentenced at the bottom of his Guidelines range on the narcotics convictions and to a mandatory consecutive 24-month sentence on the aggravated identity theft conviction. The district court considered a number of factors relevant to its analysis under 18 U.S.C. § 3553(a), including the fact that Brown participated in a significant drug trafficking enterprise "that everyone agrees has been devastating to our community" as well as to a separate community in Maine; the harm to at least one known victim of Brown's identity theft; his flight from federal agents; and his recidivism following prior convictions, including "an assault conviction for shooting somebody." App. 95. Because the chosen sentence is one that "can[] be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189 (internal quotation marks omitted), and is not "shockingly high, . . . or otherwise unsupportable as a matter of law," *Rigas*, 583 F.3d at 123, we find no substantive error in the sentence imposed.

We have considered Appellants' remaining arguments and find them to be without merit. We hereby **GRANT** Attorney Camarena's motion to withdraw as counsel, **GRANT** the government's motion to dismiss Sadler's appeal as to his conviction and sentence of imprisonment, **GRANT** the government's motion as construed as a motion for summary affirmance as to Sadler's terms of supervised release, forfeiture, and special assessment, and we **AFFIRM** the judgment of the district court as to Brown.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7